

SRM/JLT/pjh - 12089

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KIMBERLY GARDNER )
  )
  Plaintiff, )
  )
v )
  )
JEFFERSON COUNTY, ILLINOIS, KANE )
COUNTY, ILLINOIS, KANE COUNTY )
SHERIFF'S OFFICE, and JEFFERSON )
COUNTY SHERIFF'S OFFICE, )
  )
  Defendants. )

08CV1275
JUDGE KOCORAS
MAG. JUDGE NOLAN

FILED
MAR - 3 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAR 03 2008

## NOTICE OF FILING

TO:   All Counsel of Record
      *(See Attached Service List)*

PLEASE TAKE NOTICE THAT on **March 3, 2008**, we filed with the Clerk of the United States District Court for the Northern District of Illinois, *Defendants' Joint Notice of Removal, Civil Cover Sheet and Defendants Jefferson Count Sheriff's Department and Jefferson County's Appearance of Stephen R. Miller and Johanna L. Tracy*, copies of which are attached hereto and hereby served upon you.

By: _____
    Stephen R. Miller

MYERS MILLER & KRAUSKOPF, LLC
30 North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 345-7250

### PROOF OF SERVICE BY MAIL

I, Paula J. Hastings, a non-attorney on oath state that I served this Notice via facsimile and mailing a copy to the above named attorney at the above address by depositing same in the U.S. Mail at 30 North LaSalle Street, Suite 2200, Chicago, Illinois 60602 on **March 3, 2008**, with proper postage prepaid.

[X] Under penalties as provided by law pursuant
to 735 ILCS 5/1-109 the undersigned
certifies that the statements
set forth herein are true and correct.       BY: _____

G:\CASES\12089.Gardner\12089.Motions\12089.nf05.wpd

## SERVICE LIST

*Gardner v Jefferson County, et al*
Court No.: 07 LK 246
Our File No.: 12089

***Plaintiff's Attorneys***
Daniel E. Compton
Brittain & Ketcham, P.C.
85 Market Street
Elgin, IL 60123
Ph: 847.742.6100
Fx: 847.742.6152

***Kane County's Attorneys***
Joseph F. Lulves
Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, IL 60134
Ph: 630.208.5320
Fx: 630.232.6508



SRM/JLT/pjh - **12089**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KIMBERLY GARDNER<br><br>Plaintiff,<br><br>v<br><br>JEFFERSON COUNTY, ILLINOIS, KANE COUNTY, ILLINOIS, KANE COUNTY SHERIFF'S OFFICE, and JEFFERSON COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

08CV1275
JUDGE KOCORAS
MAG. JUDGE NOLAN

F I L E D
MAR 03 2008
MAR - 3 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### DEFENDANTS' JOINT NOTICE OF REMOVAL

NOW COME the Defendants, the JEFFERSON COUNTY SHERIFF'S DEPARTMENT (incorrectly sued as the Jefferson County Sheriff's Office) and JEFFERSON COUNTY, by their attorney Stephen R. Miller of MYERS MILLER & KRAUSKOPF, LLC; and the KANE COUNTY SHERIFF'S OFFICE and KANE COUNTY, by their attorney, John A. Barsanti, STATE'S ATTORNEY OF KANE COUNTY, through his Assistant, ASSISTANT STATE'S ATTORNEY, Joseph F. Lulves, respectfully request to remove the above entitled action to this court pursuant to 28. U.S.C. §1441 (b) and (c) on the following grounds:

1.  Defendants were named in a civil action originally filed on May 15, 2007, in the Circuit Court of Kane County, Illinois, Case Number 07 LK 246, entitled <u>Kimberly Gardner v. Jefferson County et. al.</u>, and in which Plaintiff only advanced state law claims against the Defendants.

2.  Summons and complaint were served upon Jefferson County and the Jefferson

County Sheriff's Department (incorrectly sued as the Jefferson County Sheriff's Office) on or about June 5th, 2007 (See Complaint and Summons, attached hereto as Exhibit A). Defendants Kane County and the Kane County Sheriff's Office were served on or about May 17, 2007. (See Summons, attached hereto as Exhibit B).

3. Defendants then received an Amended Complaint at Law on February 11, 2008. (See Amended Complaint at Law attached hereto as Exhibit C). The certificate of service for this pleading indicates that it was mailed to Defendants on February 8, 2008.

4. The Amended Complaint is brought pursuant to the Civil Rights Act, 42 U.S.C. §1983 and Illinois common law against all Defendants. Additionally, Plaintiff alleges that the conduct of the defendants violated the Fourth, Sixth and Fourteenth Amendments of the United States Constitution.

5. The Amended Complaint is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under the Fourth, Sixth and Fourteenth Amendments of the United States Constitution as well as 42 U.S.C. §1983, the Civil Rights Act, and therefore involves a federal question. Additionally, Plaintiff's Amended Complaint alleges, in part, that the Defendants violated the rights of Plaintiff as guaranteed by the United States Constitution.

6. Count I of Plaintiff's Amended Complaint purports to state a claim for negligence in violation of Illinois state law. This Court has supplemental jurisdiction over that claim under 28 U.S.C. §1367(a).

7. Original jurisdiction therefore exists in this Court pursuant to 28 U.S.C. §1331 (federal question); 28 U.S.C. §1343 (a)(3) and (a)(4) (civil rights claims); and 28 U.S.C. §1367

(supplemental jurisdiction).

8. This Petition for Removal is timely filed within thirty (30) days of service upon the Defendants of Plaintiff's Amended Complaint.

9. As of the filing date of this Petition for Removal, Plaintiff's Amended Complaint at Law is the most recent pleading which has been filed in the underlying action to be removed.

10. All Defendants agree to, and consent in, the removal of this action to federal court.

WHEREFORE, Defendants KANE COUNTY, KANE COUNTY SHERIFF'S OFFICE, JEFFERSON COUNTY and the JEFFERSON COUNTY SHERIFF'S OFFICE (incorrectly sued as the Jefferson County Sheriff's Office), by their attorneys of record, respectfully request that this cause, which is now pending in the Circuit Court of Kane County, Illinois, Case Number 07 LK 246, be removed to the United States District Court, Northern District of Illinois, Eastern Division for disposition.

Respectfully submitted,

By: _____
**MYERS MILLER & KRAUSKOPF, LLC**
Attorneys for Defendants,
JEFFERSON COUNTY and
JEFFERSON COUNTY SHERIFF'S OFFICE

By: _____
KANE COUNTY STATE'S ATTORNEY'S OFFICE
Attorneys for Defendants,
By: John A. Barsanti, State's Attorney
Through his Assistant,
Assistant State's Attorney Joseph Lulves

Stephen R. Miller (#6182908)
MYERS MILLER & KRAUSKOPF, LLC
30 North LaSalle Street, Suite 2200
Chicago, IL 60602
(312) 345-7250

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
### KANE COUNTY, ILLINOIS

Case No. **07 LK 246**

| KIMBERLY GARDNER | Jefferson County, Illinois Kane County, Illinois, Kane County Sheriff's Office and Jefferson County Sheriff's Office |
|---|---|
| Plaintiff(s) | Defendant(s) |

**SERVE THIS DEFENDANT AT:**

Name: Jefferson County Sheriff's Office, C/O Roger Mulch

Address: 911 Casey

City, State & Zip: Mount Vernon, Illinois 62864

File Stamp

Amount Claimed $ 50,000.00 plus costs

Pltf. Atty **Daniel E. Compton**

Atty. Registration No. **06195038**

Address **85 Market Street**

City, State and Zip **Elgin, Illinois 60123**

Add. Pltf. Atty _____

Atty. Registration No. _____

Address _____

City, State and Zip _____

### SUMMONS

To the above named defendant(s):

☐ A. You are hereby summoned and required to appear before this court in room _____ of the _____ at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☑ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐ C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE **06-05-07**
(To be inserted by process server on copy left with the defendant or other person)

Rec. 6-5-17
3:40 pm
@ JCSO by
private server.

WITNESS, **May 15, 2007** (date)

**Deb [signature] 15**
Clerk of Court

Form 16

Original - Clerk

EXHIBIT **A**

Case No. _____

## SUMMONS (CONT.)

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal)
By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(b) - (Individual defendants - abode):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(c) - (Corporation defendants):
By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

_____
Signature

**SERVICE FEES**

Service and return _____ $ _____

Miles _____

Total               $ _____

☐ Sheriff of _____ County
☐ Special Process Server

Sheriff of _____ County
☐ By _____, Deputy

☐ Special Process Server
(See Order of Appointment in file)

Form 166-Abk (8/00)                    Original - Clerk

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

KIMBERLY GARDNER,            )
                             )
        Plaintiff,           )
                             )
v                            )   Case No
                             )
JEFFERSON COUNTY, ILLNOIS, KANE )
COUNTY, ILLINOIS, KANE COUNTY )
SHERIFF'S OFFICE, and JEFFERSON )
COUNTY SHERRIF'S OFFICE,     )
                             )
        Defendants           )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, KIMBERLY GARDNER, by and through her attorneys, Brittain & Ketcham, P C, and for her complaint against the Defendants, JEFFERSON COUNTY, ILLINOIS, KANE COUNTY ILLINOIS, KANE COUNTY SHERIFF'S OFFICE, and the JEFFERSON COUNTY SHERIFF'S OFFICE, states as follows

1   That the Plaintiff, KIMBERLY GARDNER, was at all times relevant to the allegations of this complaint, a minor, having been born on May 15, 1988

2.   That the Jefferson County sheriff manages, controls, directs, and he has overall responsibility for the operation and maintenance of the Jefferson County Jail facility and a Murphysboro, Illinois

3   That Kane County is a municipal corporation, incorporated on January 16, 1836

4   That the Kane County Sheriff's Department manages, controls, directs, and is overall responsible for the operation and maintenance of the Kane County Jail Facility in Geneva, Illinois

5   That Kane County is required by Illinois law to provide safe and adequate housing for all inmates

6       That Kane County, and the Kane County Sheriff's Department regularly houses inmates in the county jails of other counties, including Jefferson County, Illinois and did so at all times relevant to the plaintiff's complaint, and for a long period prior thereto

7       That on January 13, 2006, KIMBERLY GARDNER was sentenced to incarceration in the Kane County Jail

8       That due to the overcrowding in the Kane County Jail, KIMBERLY GARDNER was placed, by the Kane County Sheriff's Department, in the Jefferson County Jail

9       That at all times relevant hereto, the Defendants, JEFFERSON COUNTY, KANE COUNTY, KANE COUNTY SHERIFF'S OFFICE, and the JEFFERSON COUNTY SHERIFF'S OFFICE had a duty to provide safe and adequate housing for the minor KIMBERLY GARDNER so as not to be sexually harassed, sexually molested, subject to statutory rape, by the personnel of the JEFFERSON COUNTY SHERIFF'S OFFICE

10      That notwithstanding their duties as aforesaid, the Defendants, each of them, were guilty of one or more of the following negligent and careless acts or omissions

    A   Failed to properly supervise the sheriff's department employees who exercised care, custody, control and authority over the minor, KIMBERLY GARDNER,

    B   Failed to prevent sheriff's department employees and other personnel from having unsupervised access to the cell wherein KIMBERLY GARDNER was housed,

    C   Allowed sheriff's department employees and other county jail personnel to accept female inmate's attention or sexual favors in exchange for additional food, toiletries, and other privileges,

    D   Allowed communication of an inappropriate or sexual nature between the male prison personnel and female inmates including the Plaintiff, KIMBERLY GARDNER,

    E   Failed to have adequate prison matrons or other female supervisory personnel in prison units housing female, and minor female, inmates,

    F     Failed to properly assess, evaluate, and train sheriff's department employees who would have care, custody, supervision, and control over female inmates or minor female inmates;

    G     Failed to properly evaluate the training, background, trustworthiness, and character of the employees hired and retained to supervise the female inmates of Jackson County

11.  That the Defendants, each of them, either knew or should have known of the ongoing inappropriate conduct between the male jail house personnel and the female inmates, including minor female inmates, but failed and refused to correct any of the conditions as set forth above.

12.  That as a direct and proximate result of one or more of the foregoing acts or omissions, the Plaintiff, JENNIFER GARDNER, became a victim of statutory rape while an inmate at JEFFERSON COUNTY JAIL facilities.

WHEREFORE, the Plaintiff, JENNIFER GARDNER, respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants for an amount in excess of $50,000 plus costs of suit.

Respectfully submitted,
JENNIFER GARDNER

By: Daniel E. Compton

Daniel E. Compton
BRITTAIN & KETCHAM, P.C.
85 Market Street
Elgin, Illinois 60123
847-742-6100
Attorney No. 06195038

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. **'07 LK 246**

| KIMBERLY GARDNER | Jefferson County, Illinois Kane County, Illinois, Kane County Sheriff's Office and Jefferson County Sheriff's Office |
|---|---|
| Plaintiff(s) | Defendant(s) |

**SERVE THIS DEFENDANT AT:**

Name: Kane County Sheriff's Office, C/O Patrick Perez

Address: 777 E. Fabyan Parkway

City, State & Zip: Geneva, Illinois 60134

File Stamp

Amount Claimed $ 50,000.00  plus costs

Pltf. Atty **Daniel E. Compton**  
Atty. Registration No. **06195038**  
Address **85 Market Street**  
City, State and Zip **Elgin, Illinois 60123**

Add. Pltf. Atty _____  
Atty. Registration No. _____  
Address _____  
City, State and Zip _____

## SUMMONS

To the above named defendant(s):

☐ A. You are hereby summoned and required to appear before this court in room _____ of the _____ at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☑ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐ C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____  
(To be inserted by process server on copy left with the defendant or other person)

**MAY 15 2007**

WITNESS, _____ (date)

_Deborah Seyller_  
Clerk of Court

Form 166-A (7/01)   Original - Service

**EXHIBIT B**

```
       COURT DOCKET - KANE COUNTY CIRCUIT CLERK            1   CSP048
       A L L   C A S E   E N T R I E S   P R I N T E D    Date: 2/14/2008
                      TORT $ DAMG-OTHER                   Time: 14/43/09
                                                          Page:     1
       2007 L  000246  Judge: FABIAN DONALD J    From  0/00/0000 To 99/99/9
                                                          User: SAOSJR
         Case Names              Attorney Names           Wsid: SAON514G0
         GARDNER KIMBERLY        COMPTON DANIEL E.
         09-05-351-011
                VS                                        All Entries Fo
         JEFFERSON CO IL
         JEFFERSON CO SHERIFFS OFC  MILLER STEPHEN RICHARD
         KANE CO IL                 BARSANTI JOHN ALLEN
         KANE CO SHERIFFS OFC       BARSANTI JOHN ALLEN
  Date
5/15/2007  L - TORT $ DAMG-OTHER Fee $236.00  Plaintiff GARDNER KIMBERLY
           Defendant JEFFERSON CO IL
           CASE MANAGEMENT CONFERENCE Aug 02,2007 09:00AM Rm310  Judge FABIAN

5/15/2007  New case information sheet; filed

5/15/2007  Complaint; fld

5/15/2007  Jury Demand 12Man-LM >15K & All other Fee $212.50

5/15/2007  Summons Issued Special Process Server Defendant JEFFERSON CO IL

5/15/2007  Summons Issued Special Process Server
           Defendant JEFFERSON CO SHERIFFS OFC

5/15/2007  Summons Issued Special Process Server Defendant KANE CO IL

5/15/2007  Summons Issued Special Process Server

5/15/2007  Summons Issued Special Process Server Defendant KANE CO SHERIFFS OFC

5/15/2007  Jury demand; filed
           Judge:FABIAN DONALD J   Clerk:MEF   M

5/25/2007  Affidavit of Proof of Service Found May 17,2007 Judge FABIAN
           Defendant KANE CO IL

5/25/2007  Summons returned found May 17,2007 Judge SULLIVAN Defendant KANE CO I
           Judge:SULLIVAN STEPHEN   Clerk:JGH   M

5/25/2007  Affidavit of Proof of Service Found May 17,2007 Judge SULLIVAN
           Defendant KANE CO SHERIFFS OFC

5/25/2007  Summons returned found May 17,2007 Judge SULLIVAN
           Defendant KANE CO SHERIFFS OFC
           Judge:SULLIVAN STEPHEN   Clerk:JGH   M

6/18/2007  For: sao lulves x 85320 df mot jdmt/pleadings
           MOTION BY SCHEDULING Jul 25,2007 09:00AM Rm310  Judge FABIAN Canceled

6/18/2007  Appearance; filed Atty BARSANTI JOHN ALLEN  Defendant KANE CO IL
           Defendant KANE CO SHERIFFS OFC

6/18/2007  Motion for Judgment; fld


           C O N T I N U E D   O N   N E X T   P A G E
```

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

| | |
|---|---|
| KIMBERLY GARDNER,          )<br>                            )<br>        Plaintiff,           )<br>                            )<br>v.                          )     Case No.: 07 L 246<br>                            )<br>JEFFERSON COUNTY, ILLNOIS, KANE )<br>COUNTY, ILLINOIS, KANE COUNTY  )<br>SHERIFF'S OFFICE, and JEFFERSON )<br>COUNTY SHERRIF'S OFFICE,    )<br>                            )<br>        Defendants.          )   | |

### Amended COMPLAINT AT LAW

NOW COMES the Plaintiff, KIMBERLY GARDNER, by and through her attorneys Brittain & Ketcham, P.C., and for her amended complaint against the Defendants, JEFFERSON COUNTY, ILLINOIS, KANE COUNTY ILLINOIS, KANE COUNTY SHERIFF'S OFFICE, and the JEFFERSON COUNTY SHERIFF'S OFFICE, states as follows:

### COUNT I NEGLIGENCE

1. That the Plaintiff, KIMBERLY GARDNER, was at all times relevant to the allegations of this complaint, a minor, having been born on May 15, 1988.

2. That the Jefferson County sheriff manages, controls, directs, and he has overall responsibility for the operation and maintenance of the Jefferson County Jail.

3. That the Kane County Sheriff's Department manages, controls, directs, and is overall responsible for the operation and maintenance of the Kane County Jail Facility in Geneva, Illinois.

4. That Kane County is required by Illinois law to provide safe and adequate housing for all inmates.

1



5. That Kane County, and the Kane County Sheriff's Department regularly houses inmates in the county jails of other counties, including Jefferson County, Illinois and did so at all times relevant to the plaintiff's complaint, and for a long period prior thereto.

7. That on January 13, 2006, KIMBERLY GARDNER was incarcerated in the Kane County Jail.

8. That due to the overcrowding in the Kane County Jail, KIMBERLY GARDNER was placed, by the Kane County Sheriff's Department, in the Jefferson County Jail.

9. That at all times relevant hereto, the Defendants, JEFFERSON COUNTY, KANE COUNTY, KANE COUNTY SHERIFF'S OFFICE, and the JEFFERSON COUNTY SHERIFF'S OFFICE had a duty to provide safe and adequate housing for the minor KIMBERLY GARDNER so as not to be sexually harassed, sexually molested, subject to statutory rape, by the personnel of the JEFFERSON COUNTY SHERIFF'S OFFICE.

10. That notwithstanding their duties as aforesaid, the Defendants, each of them, were guilty of one or more of the following negligent and careless acts or omissions:

  A. Failed to properly supervise the sheriff's department employees who exercised care, custody, control and authority over the minor, KIMBERLY GARDNER in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;

  B. Failed to prevent sheriff's department employees and other personnel from having unsupervised access to the cell wherein KIMBERLY GARDNER was housed in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;

  C. Allowed sheriff's department employees and other county jail personnel to accept female inmate's attention or sexual favors in exchange for additional food, toiletries, and other privileges in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;

2

D. Allowed communication of an inappropriate or sexual nature between the male prison personnel and female inmates including the Plaintiff, KIMBERLY GARDNER in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;

E. Failed to have adequate prison matrons or other female supervisory personnel in prison units housing female, and minor female, inmates in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;

F. Failed to properly assess, evaluate, and train sheriff's department employees who would have care, custody, supervision, and control over female inmates or minor female inmates in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;

G. Failed to properly evaluate the training, background, trustworthiness, and character of the employees hired and retained to supervise the female inmates of Jackson County in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety.

11. That the Defendants, each of them, either knew or should have known of the ongoing inappropriate conduct between the male jail house personnel and the female inmates, including minor female inmates, but failed and refused to correct any of the conditions as set forth above.

12. That as a direct and proximate result of one or more of the foregoing acts or omissions, the Plaintiff, KIMBERLY GARDNER, became a victim of statutory rape while an inmate at JEFFERSON COUNTY JAIL facilities in violation of Illinois Law, 720 ILCS 5/11  9.2.; 720 ILCS 5/12 – 13 (4).

WHEREFORE, the Plaintiff, KIMBERLY GARDNER, respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants for an amount in excess of $50,000 plus costs of suit.

## COUNT II CIVIL RIGHTS

1. That the Plaintiff, KIMBERLY GARDNER, was at all times relevant to the allegations of this complaint, a minor, having been born on May 15, 1988, and was a citizen of the United States of America.

2. That the defendants, Jefferson County Sheriff and Kane County Sheriff were duly elected officers of the County of Jefferson, a municipal corporation, and the County of Kane, respectively, and were governmental subdivisions of the state of Illinois.

3. This action arises under the United States Constitution, particularly under the provisions of the fourth, sixth, and 14th amendments thereto, and under Federal law, particularly the Civil Rights Act, Title 42 of the United States Code, section 1983.

4. Each and all of the acts of the defendants alleged herein were done by defendants, their agents, servants, employees, not as individuals but under the color and pretense of the statutes of the state of Illinois and under authorities' of their respective offices as sheriff's of Jefferson and Kane Counties.

5. That the Jefferson County sheriff manages, controls, directs, and he has overall responsibility for the operation and maintenance of the Jefferson County Jail facility.

6. That the Kane County Sheriff's Department manages, controls, directs, and is overall responsible for the operation and maintenance of the Kane County Jail Facility in Geneva, Illinois.

7. That Kane County, and the Kane County Sheriff's Department regularly houses inmates in the county jails of other counties, including Jefferson County, Illinois and did so at all times relevant to the plaintiff's complaint, and for a long period prior thereto.

8. That at all times relevant hereto, the Defendants, JEFFERSON COUNTY, KANE COUNTY, KANE COUNTY SHERIFF'S OFFICE, and the JEFFERSON COUNTY SHERIFF'S

OFFICE had a duty to provide safe and adequate housing for the minor KIMBERLY GARDNER so as not to be sexually harassed, sexually molested, subject to statutory rape, by the personnel of the JEFFERSON COUNTY SHERIFF'S OFFICE.

9. That the Kane County Sheriff and Jefferson County Sheriff as head of their respective departments are responsible for the acts of the county jail personnel under their employ, and the ongoing training of said personnel, including jail guards and correctional officers, to ensure that they are competent to carry out their assigned duties.

10. That notwithstanding their duties as aforesaid, the Defendants, each of them, were guilty of one or more of the following negligent and careless acts or omissions:

    A. Failed to properly supervise the sheriff's department employees who exercised care, custody, control and authority over the minor, KIMBERLY GARDNER in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;

    B. Failed to prevent sheriff's department employees and other personnel from having unsupervised access to the cell wherein KIMBERLY GARDNER was housed in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;

    C. Allowed sheriff's department employees and other county jail personnel to accept female inmate's attention or sexual favors in exchange for additional food, toiletries, and other privileges in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;

    D. Allowed communication of an inappropriate or sexual nature between the male prison personnel and female inmates including the Plaintiff, KIMBERLY GARDNER in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;

    E. Failed to have adequate prison matrons or other female supervisory personnel in prison units housing female, and minor female, inmates in violation of 730 ilcs 5/3 – 15   2 (a) which requires minimum standards for

5

    the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;

F. Failed to properly assess, evaluate, and train sheriff's department employees who would have care, custody, supervision, and control over female inmates or minor female inmates in violation of 730 ilcs 5/3 – 15   2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;

G. Failed to properly evaluate the training, background, trustworthiness, and character of the employees hired and retained to supervise the female inmates of Jackson County in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety.

11. That as a direct and proximate result of one or more of the foregoing acts or omissions, the Plaintiff, KIMBERLY GARDNER, became a victim of statutory rape while an inmate at JEFFERSON COUNTY JAIL facilities in violation of Illinois Law, 720 ILCS 5/11 –9.2.; 720 ILCS 5/12 – 13 (4).

12. The conduct of the defendants, and each of them, deprive the plaintiff of her rights, privileges, and immunities secured to her by the Constitution of the United States including the right of the plaintiff to be secured in her person and affects against unreasonable search and seizure under the fourth and 14th amendments, in the right of the plaintiff not to be deprived of her life liberty (including the liberty to be free from unlawful attacks on her physical being and integrity) or property without due process all the law and the right to equal protection of the laws secured by the Constitution of the United States and was done intentionally knowingly and maliciously.

WHEREFORE, the Plaintiff, KIMBERLY GARDNER, respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants for an amount in excess of $50,000 plus costs of suit and attorney fees pursuant to the Civil Rights Act, Title 42 of the United States Code, section 1983.

Respectfully submitted,
KIMBERLY GARDNER

By: _____
Daniel E. Compton

Daniel E. Compton
BRITTAIN & KETCHAM, P.C
85 Market Street
Elgin, Illinois 60123
847-742-6100
Attorney No.: 06195038

7

## CERTIFICATE OF SERVICE/FILING

The undersigned hereby certifies that she served a copy of the foregoing **PLAINTIFF'S AMENDED COMPLAINT** upon the below-listed attorneys of record, by placing copies of same into an envelope duly-addressed and with proper first-class postage prepaid, and depositing said envelope in the U.S. Mail located at Elgin, IL, before 5:00 p.m. on February 8, 2008, and mailed a copy of same to the Kane County Circuit Court Clerk for filing.

Kane County's Attorneys:

Joseph F. Lulves
Kane County State's Attorney
100 S. 3rd Street
Geneva, Illinois 60134

Jefferson County's Attorneys:

Stephen R. Miller
Nikoleta Lamprinakos
MYERS MILLER & KRAUSDOPF, LLC
30 North LaSalle Street Suite 2200
Chicago, IL 60602

Attorneys for Case Wilder v. Ramsey

Van R. Richards
1250 Larkin Avenue Suite 230
Elgin, Illinois 60123

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

Lisa M. Galvin