UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kimberly Gardner, ) | Case No. 08 CV 1275 |
| ) | |
| Plaintiff, ) | Judge Charles P. Kocoras |
| ) | |
| v. ) | |
| ) | |
| Jefferson County, Illinois, Kane ) | |
| County, Illinois, Kane County ) | |
| Sheriff's Office, and Jefferson ) | |
| County Sheriff's Office, ) | |
| ) | |
| Defendants. ) | |

### Rule 12(b)(6) Motion to Dismiss the First Amended Complaint by Defendant Kane County and the Kane County Sheriff's Office

Now come Defendants Kane County and the Kane County Sheriff's Office, by their attorneys Kane County Assistant State's Attorneys Elizabeth Flood and Joseph Lulves, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP 12(b)(6)"), move this Court to dismiss this Amended Complaint against them by way of a final order and in support thereof state:

### Statement of Facts

1. This statement of facts is taken from the face of the Amended Complaint. Solely for the purposes of this motion, all facts alleged on the face of the Amended Complaint are accepted as accurate.

2. Plaintiff was an inmate at the Kane County Adult Corrections Facility ("Jail") who, due to overcrowding in the Jail, was transferred to the Jefferson County Jail. Amended Complaint, Count I par. 8; Count II par. 7.

3. While at the Jefferson County Jail, Plaintiff allegedly was sexually assaulted while an inmate in the Jefferson County Jail. Amended Complaint, Count I par. 12; Count II par. 11.

4. As no individuals are named as defendants, rather only government units i.e. Jefferson County, Kane County, Jefferson County Sheriff's Office, and Kane County Sheriff's Office, and no punitive damages are sought, on the face of the Amended Complaint this is an official capacity action only.

5. Count I of the Amended Complaint is for a state negligence claim.

6. Count II of the Amended Complaint is for a federal civil rights claim based on 42 U.S.C. 1983.

## Legal Standard for a Motion to Dismiss

7. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a plaintiff has properly stated a claim. While a court must assume that all well-pled allegations in a complaint are true, it need not strain to find favorable inferences which are not apparent on the face of the compliant. *Coates v. Illinois State Board of Education,* 559 F.2d 445, 447 (7th Cir. 1977)(citations omitted). Similarly, the court need not ignore facts set forth in the complaint that undermine the plaintiff's claim. *Thomas v. Farley,* 31 F.3d 557, 558-559 (7th Cir. 1994). A Rule 12(b)(6) motion should be granted where a complaint fails to state a cause of action upon which relief may be granted. *Corcoran v. Chicago Park Dist.,* 875 F.2d 609, 611 (7th Cir. 1989). While a party need not provide a detailed outline of the basis of the claim under Fed-

eral Rule of Civil Procedure 8, a complaint must still contain "either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)(citations omitted).

## Argument

### I. Negligence Is Insufficient, And *Respondeat Superior* Unavailable, To Support The Count II 42 U.S.C. 1983 Claim

8. The Plaintiffs' Complaint establishes that all of the events forming the basis of the Complaint took place in the Jefferson County Jail, seeking to place liability on the Kane County Sheriff for these alleged events. This is an unprecedented basis for a 42 U.S.C. 1983 complaint against an Illinois county sheriff. Research does not reveal any cases, in state or federal court, where a county sheriff has been found liable for events that took place in another county's jail, and for good reason.

9. This exact question, concerning these same Illinois counties of Jefferson and Kane, and their respective sheriffs, of whether an Illinois county sheriff that sends an inmate to another county due to overcrowding, is legally responsible for events that occur in the receiving county, has been addressed by a court in the Northern District of Illinois. Judge Pallmeyer, in an unpublished opinion in *Office of the State Guardian, Helen Godlewski, Director, v. Kenneth R. Ramsay, Individually and in his Official Capacity as Sheriff of Kane County*, et al., ND IL No. 06 C 2554 (Judge Pallmeyer, February 20,

2007)(copy attached as Exhibit A), dismissed all claims against then Kane County Sheriff Kenneth Ramsey.

10. In the above case, an inmate was transferred to Jefferson County, Illinois, due to overcrowding in the Kane County Jail, as in this case. While en route, a traffic accident occurred, and the transferred inmate was injured. The Plaintiff sought to visit liability on the Kane County Sheriff based on the theory, as in this case, that he knew or should have known that something could have happened to the inmate in the receiving county, and he should have had policies to prevent the incident.

11. Judge Pallmeyer disagreed. "The fact that overcrowding at the Kane County Jail was the *reason* for Daniel's being transported does not support a conclusion that Kane County personnel played a role in determining the *method* by which he was transported." (emphasis in original), continuing "But there is no basis for Plaintiff's assumption that Kane County Sheriff Ramsey would have had any control over, or even any knowledge of, Jefferson County's practices for transporting inmates. In any event, Ramsey's alleged failure to take steps he "should have" taken constitutes negligence at worst. Negligence is insufficient to support a claim under sec. 1983, nor is the doctrine of *respondeat superior* applicable to such a claim. *Chavez v. Illinois State Police*, 251 F. 3d 612, 651 (7th Cir. 2001." (emphasis in original). Exhibit A at p. 2.

12. As in this case, where the allegations against the Kane County Sheriff are based on what he "knew, or should have known," or for the actions of individual employees of another county sheriff, and not for anything the Kane County Sheriff actually did. To recover damages under §1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right, or that the deprivation occurred at his direction or with his knowledge. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995)(citations omitted). There simply is no basis upon which one Illinois county sheriff would know, should know, or could control, events or policies in another county's jail.

13. The separation of the powers, of the sheriffs of Illinois counties, is in fact set by state law, with each county sheriff in Illinois acting as the warden of the jail of their respective county, and having custody of all prisoners in that jail. 730 ILCS 125/2. There is no statutory, or case law, authority for the proposition that one county sheriff has authority over another county's jail. There is no statutory, or case law, basis for asserting that the Kane County Sheriff has any control over, or knowledge of, events or employees in the Jefferson County Jail.

14. The assertion that the Kane County Sheriff should be liable for alleged events that took place in the Jefferson County Jail is simply an attempt to apply the vicarious liability doctrine of *respondeat superior* to these claims, which was rejected by Judge Pallmeyer in the above cited case.

15. To the extent this is a suit against the Sheriff of Kane County in his official capacity, it is in reality a suit against the office that the named official holds. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099 (1985). Further, "municipalities cannot be held liable for section 1983 claims under a theory of respondeat superior." *Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999)(citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978)).

16. Therefore, to establish liability on the part of the Kane County Sheriff in his official capacity, the Plaintiff must establish that a policy, or custom, of the Kane County Sheriff was responsible for the alleged events in the Complaint. In short, that the Kane County Sheriff in some fashion has authority over another Illinois county jail. There is no authority for this novel proposition, which is contrary to the powers given county sheriffs by state statute at 725 ILCS 125/2, limiting their authority to their respective counties. The Kane County Sheriff's Office simply has no authority to establish policies that control events taking place in another Illinois county's sheriff's office.

### II. Tort Immunity Act Sections 745 ILCS 10/4-103 and 745 ILCS 10/2-201 Gives Defendants Absolute Immunity On The Count I State Claim

17. Although generally immunity is viewed as an affirmative defense, if it appears on the face of the complaint from the undisputed facts that immunity bars the complaint, it is appropriate to address it by way of a motion to dismiss pursuant to FRCP 12(b)(6). *e.g. Remet Corporation v. U.S. Fire Insurance Company,* 509 F.3d 816 (7th Cir. 2007)(affirming district court granting

of motion to dismiss state claims made pursuant to FRCP 12(b)(6), based upon assertion of immunity under the Illinois Local Governmental and Governmental Employees Tort Immunity Act).

18. In Illinois, a county sheriff is considered to be within the statutory definition of a local public entity for purposes of the application of the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-206 (hereafter "Tort Immunity Act"). *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 512 (2003).

19. Tort Immunity Act Section 745 10/4-103 provides:

> "Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such a facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners." 745 ILCS 10/4-103.

20. Tort Immunity Act Section 745 ILCS 10/2-201 provides:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused. 745 ILCS 10/2-201.

21. Neither of these Tort Immunity Act sections contain any exceptions, and give absolute immunity to Illinois county sheriffs in the management of county jails, which the courts uphold. Additionally, on its face, Tort Immunity Act Section 745 ILCS 10/4-103 extends to public employees.

22. The courts hold county sheriffs in Illinois have absolute immunity for management decisions. For example, where inmate on inmate violence in the

Cook County Department of Corrections resulted in an injury, the court held section 745 ILCS 10/4-103 of the Tort Immunity Act gave absolute immunity to the sheriff in the formulation of policy in operating the jail, and rejected assertions that an exception existed for willful and wanton conduct. *Jefferson v. Sheahan*, 279 Ill. App. 3d 74, 77-81 (1st Dist. 1996). After discussing the history of the issue, as to an exception to the Tort Immunity Act provisions for willful and wanton conduct, "However, absent more specific discussion of willful and wanton conduct as it applies to individual sections of the Tort Immunity Act, particularly section 4-103, this court will continue to focus on the clear legislative intent. This focus leads to the conclusion that the legislature did not intend there to be an exception for willful and wanton misconduct in section 4-103, and none may be judicially created." *Jefferson*, 279 Ill. App. 3d at 80 (while distinguishing cases implying willful and wanton exceptions, which were rejected by the Illinois Supreme Court subsequent to this case, discussed below).

23. Likewise, in other inmate on inmate violence cases in county jails, alleging the same type of policy failures as the Plaintiff in this case, namely the failure to provide sufficient facilities, or supervision, the courts have found the sheriff is an officeholder vested with discretion entitled to the absolute immunity granted by Tort Immunity Act section 745 ILCS 10/2-201. *Thiele v. Kennedy*, 18 Ill. App. 3d 465, 468 (3rd Dist. 1974)(upholding immunity based

on section 745 ILCS 10/2-201, while implying exceptions which are now rejected by the Illinois Supreme Court, discussed below).

24. The Illinois Supreme Court subsequently rejected the imposition of exceptions on the absolute immunity provisions of the Tort Immunity Act. "When the plain language of an immunity provision in the Tort Immunity Act contains no exception for willful and wanton misconduct, we have reasoned that the legislature " 'intended to immunize liability for both negligence and willful and wanton misconduct.'" (citation omitted). "This court applied that reasoning in *Harinek* and *Chicago Flood Litigation* to hold that section 2-201 of the Tort Immunity Act immunized defendants against all allegations of willful and wanton misconduct." *DeSmet v. The County of Rock Island*, 219 Ill. 2d 497, 513 (2006)(citations omitted).

25. The Supreme Court went further, and rejected the imposition of a special duty exception to the Tort Immunity Act. "To the extent that *Doe* held the special duty doctrine could override statutory immunities, that portion of the decision was overruled by this court, *sub silentio*, in *Zimmerman* " *Desmet*, 219 Ill. 2d at 518 (citation omitted).

26. The policies, and implementation of those policies, this Plaintiff complains of, specifically the decision to transfer the prisoner due to overcrowding, and the supervision, and training of corrections officers, are precisely the type of discretionary jail management complaints for which the courts in *Jefferson* and *Thiele* found the sheriff to be immunized. Any attempt to draft

around the Tort Immunity Act is forestalled by the Illinois Supreme Court decision in *DeSmet*, rejecting attempts to graft exceptions onto the absolute immunity provisions of the Tort Immunity Act.

27. Although not binding on this Court, we note a state trial court in the Sixteenth Judicial Circuit recently addressed this state law immunity issue, and held the Kane County Sheriff is absolutely immune for jail management decisions. "Thus, even assuming the Jail Standards as referenced establish a duty to supervise, a breach of that duty, whether by simple negligence or wilful and wanton conduct, is immunized by 745 ILCS 10/4-103 and is non-compensable." *Wilder v. Kenneth Ramsey*, Kane County Gen. No. 06 LK 134, par. 17, pg. 4 (Judge Brawka, December 14, 2007). Unpublished Opinion, Exhibit B (personnel management decisions related to an inmate on inmate assault).

### III. Illinois Counties Are Not Directly Suable Entities For The Actions Of A County Sheriff

28. The Amended Complaint in both counts seeks to directly sue two Illinois counties for the actions of their respective sheriffs. It appears the Plaintiff is under the impression that the actions, and liability, of Illinois counties and Sheriffs are coextensive. This is incorrect.

29. Recently, Judge Zagel addressed the state of the law on this point, involving a Cook County case, in dismissing Cook County from the case: "The County does not operate or control either the Circuit Court of Cook County or the Sheriff of Cook County. It is not at the order of the County that defen-

dants are kept in holding cells and not brought to court. The law on this point is clear. The County cannot be sued directly for the actions of constitutional officers of the County who do not serve at its pleasure. *Ryan v. County of DuPage, 45 F.3d 1090, 1092 (7th Cir. 1995)* (Sheriff); *Franklin v. Zaruba, 150 F.3d 682, 684 (7th Cir. 1998)*(Courts). There is no *respondeat superior* liability of the County for damages its constitutional officers may cause. *Moy v. County of Cook, 159 Ill.2d 519, 640 N.E.2d 926, 203 Ill. Dec 776 (1994), Thompson v. Duke, 882 F.2d 1180 (7th Cir. 1989)." Mason v. County of Cook,* 488 F.Supp. 2d 761, 766 (ND IL May 18, 2007).

30. Therefore, an Illinois county is simply not a directly suable entity for events that occur in a county jail. The County of Kane does acknowledge that Illinois counties are necessary parties where damages are sought against a sheriff, but only to the extent of their obligation to indemnify their officers, not as a directly suable defendant. *Carver v. Sheriff of LaSalle County,* 324 F.3d 947 (7th Cir. 2003).

Wherefore, for all of the above reasons, the County of Kane and the Kane County Sheriff's Office ask this Court to dismiss this Complaint against them by way of a final order.

    Respectfully submitted,

    County of Kane,
    Kane County Sheriff's Office by:

    /s/Joseph F. Lulves
    Assistant State's Attorney

John A. Barsanti
Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630 208-5320
Atty. No. 6197008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Gardner           , | ) | Case No. 08 CV 1275 |
| | ) | |
| Plaintiff, | ) | Judge Charles P. Kocoras |
| | ) | |
| v. | ) | |
| | ) | |
| Jefferson County, Illinois, Kane | ) | |
| County, Illinois, Kane County | ) | |
| Sheriff's Office, and Jefferson | ) | |
| County Sheriff's Office, | ) | |
| | ) | |
| Defendants. | ) | |

# Attachment List Index

A.   Unpublished Memorandum Opinion of Judge Pallmeyer in *Office of the State Guardian v. Kenneth Ramsey et al.*, ND IL No. 06 C 2554 (February 20, 2007).

B.   Unpublished Memorandum Opinion of Judge Brawka in *Wilder v. Kenneth Ramsey*, Kane County Gen. No. 06 LK 134 (December 14, 2007).