IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Gardner, | ) | Case No. 08 CV 1275 |
| | ) | |
| Plaintiff, | ) | Judge Charles P. Kocoras |
| | ) | |
| v. | ) | |
| | ) | |
| Jefferson County, Illinois, Kane County, Illinois, Kane County Sheriff's Office, and Jefferson County Sheriff's Office, | ) ) ) ) ) | |
| Defendants. | ) | |

Rule 12(b)(6) Motion to Dismiss the First Amended Complaint
by Defendants County of Kane and the Kane County Sheriff's Office

Exhibit A.   Unpublished Memorandum Opinion of Judge Pallmeyer in *Office of the State Guardian v. Kenneth Ramsey et al.*, ND IL No. 06 C 2554 (February 20, 2007).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OFFICE OF THE STATE GUARDIAN, HELEN GODLEWSKI, DIRECTOR, AS PLENARY GUARDIAN OF THE ESTATE AND PERSON OF TORRIE D. DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH R. RAMSAY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF KANE COUNTY, ILLINOIS; ROGER D. MULCH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF JEFFERSON COUNTY, ILLINOIS; TERRI DOBBS, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS A CORRECTIONAL OFFICER FOR JEFFERSON COUNTY; JOHN R. HUGHEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A CORRECTIONAL OFFICER FOR JEFFERSON COUNTY; OTHER UNKNOWN KANE COUNTY DEPUTY SHERIFFS; OTHER UNKNOWN KANE COUNTY CORRECTIONAL OFFICERS; OTHER UNKNOWN JEFFERSON COUNTY CORRECTIONAL OFFICERS; COUNTY OF KANE, ILLINOIS; AND COUNTY OF JEFFERSON, ILLINOIS<br><br>Defendants. | No. 06 C 2554<br><br>Judge Rebecca R. Pallmeyer |

## ORDER

The Office of the State Guardian brings this action on behalf of Torrie D. Daniels, a pretrial detainee who was injured while traveling from the Kane County Jail to the Jefferson County Jail in May 2005. Defendants move to dismiss pursuant to Rules 12(b)(6) and 12(c). For the reasons set forth here, Defendant Ramsey's motion is granted, and Defendants Hughey, Dobbs, and Mulch's motion is granted in part and denied in part.

## FACTS

Plaintiff alleges that on May 17, 2005, Jefferson County Correctional Officers John Hughey

and Terri Dobbs, and unidentified Kane County correctional officers loaded Daniels and other inmates into a Ford passenger van owned by Jefferson County, for purposes of transporting them from the overcrowded Kane County Jail to the Jefferson County Correctional Center. (Amended Complaint ¶¶ 7, 8, 14.) Daniels and the other inmates, shackled in leg irons and handcuffed to a belly chain, were seated in the rear seats of the van, but were not secured in their seats by seatbelts. (*Id.* ¶¶ 16-18.) Officer Hughey drove the van south on I-57. (*Id.* ¶¶ 21, 24.) As he made a sharp left turn at the end of the exit ramp from I-57 to Illinois Route 15, the rear passenger door flew open, and Daniels was thrown from the van onto the street. (*Id.* ¶ 24.) Plaintiff alleges that "Defendants knew that its passengers, including [Daniels], were exposed to jeopardy" from sudden turns when unsecured by seatbelts and knew that failure to secure the doors "exposed passengers to serious jeopardy of injury should the door open while in motion." (*Id.* ¶ 26.) Plaintiff alleges that Defendants were deliberately indifferent to Daniel's safety in that they failed to secure him in a seatbelt although they knew that the belly chain and shackles would impede his ability to protect himself from vehicle movements; failed to secure the passenger door; operated the vehicle in a dangerous way at an unsafe speed; and overloaded the van. (*Id.* ¶ 27.) Plaintiff alleges a claim under 42 U.S.C. § 1983 against Hughey, Dobbs, Jefferson County Sheriff Roger D. Mulch, and Kane County Sheriff Kenneth Ramsay (Count I). In Count II, Plaintiff alleges pendent state law negligence claims against all Defendants.

## DISCUSSION

The standards that govern a motion to dismiss are well-recognized; the purpose of a Rule 12(b)(6) motion is to decide the adequacy of a complaint, not to test its merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In addressing these motions, the court accepts the truth of Plaintiff's allegations and draws all reasonable inferences in Plaintiff's favor. As the Supreme Court has made clear, there is no heightened pleading standard applicable to a civil rights action that, like this one, alleges municipal liability. Indeed, a complaint containing conclusions,

2

including a "smattering of phrases like 'highest policymaking officers' and 'widespread custom'" is sufficient to survive a motion to dismiss. *McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000).

## I.   Sheriff Ramsey's Motion to Dismiss

Defendant Kane County Sheriff Ramsey argues that the complaint is insufficient, even under these standards, to state a claim against him or against Kane County. The court agrees. Plaintiff has alleged that the van in which Daniels was injured was owned by Jefferson County and operated by Jefferson County correctional officers, not by Kane County. The fact that overcrowding at the Kane County jail was the *reason* for Daniel's being transported does not support a conclusion that Kane County personnel played a role in determining the *method* by which he was transported. In response to Ramsey's motion to dismiss, Plaintiff urges that Ramsey "should have considered the method in which the prisoners would be transferred and the risk involved. . . ." (Plaintiff's Response to Defendant Ramsey's Motion, at 4.) But there is no basis for Plaintiff's assumption that Kane County Sheriff Ramsey would have had any control over, or even any knowledge of, Jefferson County's practices for transporting inmates. In any event, Ramsey's alleged failure to take steps he "should have" taken constitutes negligence at worst. Negligence is insufficient to support a claim under § 1983, nor is the doctrine of *respondeat superior* applicable to such a claim. *Chavez v. Illinois State Police,* 251 F.3d 612, 651 (7th Cir. 2001). Defendants Ramsey and Kane County's motion to dismiss (41) is granted.

## II.   Jefferson County Defendants' Motion to Dismiss

Defendants Mulch, Dobbs, and Hughey ("Jefferson County Defendants") seek dismissal, as well. They contend that Plaintiff's allegations do not state a claim because the alleged conduct does not constitute "deliberate indifference" nor "shock the conscience." If the allegations are sufficient, the Jefferson County Defendants urge, the individual Defendants are entitled to qualified immunity, and the claim against the County must be dismissed because Plaintiff's allegations do

3

not support municipal liability.

A.   **Sufficiency of Plaintiff's Claim of Deliberate Indifference**

Defendants are correct that a pretrial detainee must establish that prison officials were deliberately indifferent to his health and safety. *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). Deliberate indifference is more than negligence but less than purposeful or knowledgeable action. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). The question here is whether transporting prisoners in unsafe circumstances satisfies this standard. Defendants argue that it does not, citing *Edwards v. May*, 718 F. Supp. 1379, 1384-85 (N.D. Ill. 1989) and *Alexander v. Perrenoud*, No. 04-3846, 134 F. App'x 938, 939-40 (7th Cir. 2005). In *Edwards*, Judge Norgle concluded that allegations that plaintiff, an arrestee, was injured from "jostling" during a rough ride in a police van, did not state an excessive force claim. In *Alexander*, a prisoner claimed he was injured when the driver of a prison van, unable to complete his left turn, backed up from the intersection, striking the vehicle behind him. He had no evidence to support his allegation that the driver deliberately attempted to injure him, however, and the Court of Appeals affirmed summary judgment in favor of the defendant.

*Alexander* is an unreported decision, and no other Seventh Circuit decision appears to have addressed the issue of prison guards' liability for the failure to secure prisoners in seatbelts. A Tenth Circuit case, also unreported, held that allegations that an officer failed to use an available seatbelt on an inmate who was handcuffed and shackled, even in violation of prison policy, did not state a claim for violation of the Eighth Amendment. *Dexter v. Ford Motor Co.*, 92 F. App'x. 637, 641 (10th Cir. 2004). *See also Carrasquillo v. City of New York*, 324 F. Supp.2d 428, 437-38 (S.D.N.Y. 2004) ("failure to provide seatbelts to prisoners is not a constitutional violation"); *Riddick v. Reiger*, No. 2:03-cv-462-FtM-29SPC, 2006 WL 2644924 (M.D. Fla. Sept. 14, 2006) (same); *Williams v. City of New York*, No. 03 Civ. 5342 (RWS), 2005 WL 2862007 (S.D.N.Y. Nov. 1, 2005) (same). A prisoner/seatbelt claim was dismissed on summary judgment in *Spencer v.*

4

*Knapheide Truck Equip. Co.*, 183 F.3d 902 (8th Cir. 1999), *cert. denied sub nom. Spencer v. Bd. of Police Comm'rs*, 528 U.S. 1157 (2000). Plaintiff in *Spencer* was rendered a quadriplegic in an accident in which he was not seatbelted in a police vehicle. The Eighth Circuit affirmed summary judgment in favor of the defendants, noting evidence that defendants had adopted guidelines directing officers to exercise care in transporting detainees, and evidence that law enforcement officials made a conscious decision to use patrol wagons without seatbelts out of concern that the seatbelt might be used as a weapon. 183 F.3d at 907.

Although the evidentiary record did not support plaintiff's claim in *Spencer*, in at least two other cases the Eighth Circuit has recognized that seatbelt allegations arguably similar to those here state a cause of action. In *Brown v. Morgan*, 39 F.3d 1184 (Table, Text in WESTLAW) 1994 WL 610993 (8th Cir. 1994), plaintiff alleged he was involved in an accident while a passenger in a car driven by defendant, a sheriff's deputy. He contended defendant had refused to let him wear a seatbelt, driven at a high rate of speed in bad weather, refused to slow down and smilingly asked plaintiff, "Are you scared?" Reversing dismissal of the complaint, the court held these allegations sufficient to support the conclusion that defendant had manifested deliberate indifference for plaintiff's safety. Similarly, in *Brown v. Missouri Dep't Corr.*, 353 F.3d 1038 (8th Cir. 2004), the Eighth Circuit reversed dismissal of an Eighth Amendment claim where plaintiff, a prisoner injured in a van accident, alleged that defendants had refused plaintiff's request that his seatbelt be buckled and proceeded to drive at an excessive rate of speed, following too closely, and passing other vehicles illegally. On remand, plaintiff supported those claims with evidence sufficient to survive summary judgment. *Brown v. Fortner*, No. 02-4232-CV-C-WAK, 2006 WL 2796388, at *2 (W.D. Mo. Sept. 25, 2006). And in *Montgomery v. City of Chicago*, 670 F. Supp. 230, 231-32 (N.D. Ill. 1987), Judge Moran of this court declined to dismiss a complaint alleging that police officers knew or should have known that transporting handcuffed arrestees on bare metal benches in a van will frequently cause injuries. *See also Pendleton v. Schroeder*, No. C 98 0791, 1998 WL 273000,

at *2 (N.D. Cal. May 22, 1998) (denying a motion to dismiss, the court observed that "if the [prison] officials in this case were aware that the close convoying and the lack of seatbelts put inmates at a substantial risk of injury, it is irrelevant that they did not predict the particular accident.")

A complaint should be dismissed on motion only if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. As there is at least some support in the case law for Plaintiff's theory that Defendants' failure to provide Daniels with seatbelts, coupled with reckless driving practices, can constitute deliberate indifference, the court concludes Plaintiff's allegations survive this very generous test.

### B. Liability of Defendants Hughey, Dobbs, and Mulch

Even if Plaintiff's allegations are sufficient to state a constitutional violation, Defendants argue, Jefferson County Sheriff Mulch is not liable, as he had no personal involvement in transporting Daniels and other inmates from Kane County to Jefferson County, and Defendants Hughey and Dobbs are shielded by qualified immunity from any personal liability.[1]

With respect to his claims against Defendant Mulch, Plaintiff concedes that there is no *respondeat superior* liability under 42 U.S.C. § 1983. (Plaintiff's Response to Jefferson County Defendants' Motion, at 4.) Plaintiff appears also to concede that Sheriff Mulch himself had no direct personal involvement in transporting Daniels, but argues that Mulch is a final policymaker for purposes of *Monell* liability. The Jefferson County Defendants argue that Plaintiff has not alleged that the County maintained an unconstitutional policy, (Memorandum of Law in Support of Jefferson County Defendants' Motion to Dismiss Count I); Defendant Mulch does not, however, challenge his status as a final policymaker for Jefferson County, instead arguing only that the County is not liable

---

[1] Plaintiff has alleged that Defendants Hughey, Dobbs, and Mulch are liable in their individual and official capacities. An "official capacity" suit against Jefferson County officers is no more than a suit against Jefferson County, however. *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 975 n.1 (7th Cir. 2000), citing *McMillian v. Monroe County*, 520 U.S. 781, 785 n. 2 (1997). The court therefore addresses the matter of Defendants' liability in their individual capacity.

6

because Plaintiff has not alleged a constitutional violation. (Jefferson County Defendants' Reply to their Motion to Dismiss Count I, at 4-5.) The court concludes that for purposes of this motion, Jefferson County does not contest that the practice of transporting prisoners without seatbelts is in fact a policy of the County.

Defendants Hughey and Dobbs were personally involved in transporting Daniels to Kane County. Their argument that qualified immunity shields them from personal liability has merit. Governmental actors performing discretionary acts are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Saucier v. Katz*, 533 U.S. 194, 200 (2001), the Supreme Court explained that in order to determine whether an officer is entitled to qualified immunity, the court first considers whether, viewing plaintiff's case in the most favorable light, he has presented a constitutional violation. If the plaintiff meets that burden, the governmental actor is entitled to qualified immunity only if the particular constitutional right was not clearly established at the time of the alleged violation. A defendant asserting qualified immunity is entitled to dismissal if the right at issue was not so clearly established that he would understand that his conduct was unlawful. *Saucier*, 533 U.S. at 202; *Payne v. Pauley*, 337 F.3d 767, 775-76 (7th Cir. 2003). To be "clearly established," the right in question must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Miller v. Jones*, 444 F.3d 929, 934 (7th Cir.2006) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

It is undisputed that an inmate's Eighth Amendment rights are violated when officers are deliberately indifferent to his medical needs or safety. *Farmer*, 511 U.S. at 834; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). As Defendants emphasize, however, it has never been clearly

7

established that it is unlawful for a corrections officer to transport a shackled inmate in the rear of a vehicle without a seatbelt. As outlined above, the Seventh Circuit has not addressed the matter directly, and other circuits are divided. In *Brown v. Missouri Dep't of Corrections*, the Eighth Circuit held that allegations that five correctional officers refused plaintiff's request to fasten his seatbelt were sufficient. 353 F.3d at 1038. Just one month later, however, in *Dexter v. Ford Motor Co.*, the court observed, "The connection between a failure to seatbelt and the risk of serious injury, even if arguably evident under state tort law, is insufficient for purposes of constitutional analysis." 92 F. App'x at 641. The court concludes that Defendants Hughey and Dobbs are entitled to qualified immunity, and therefore dismisses individual capacity claims against them. *See Young v. Hightower*, No. 04-10309, 2006 WL 3391101, at *3 (E.D. Mich. Nov. 22, 2006) (adopting magistrate judge's recommendation to dismiss, on qualified immunity grounds, a claim that plaintiff prisoner was injured in an accident in which he was unable to buckle his seatbelt because he was shackled).

## CONCLUSION

The Kane County Defendants' motion to dismiss (41) is granted. The Jefferson County Defendants' motion (19) is granted in part and denied in part. Claims against the individual Defendants are dismissed. The motion to dismiss Jefferson County is denied without prejudice.

ENTERED:

Dated: February 20, 2007

REBECCA R. PALLMEYER
United States District Judge