IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Gardner, | ) | Case No. 08 CV 1275 |
| | ) | |
| Plaintiff, | ) | Judge Charles P. Kocoras |
| | ) | |
| v. | ) | |
| | ) | |
| Jefferson County, Illinois, Kane | ) | |
| County, Illinois, Kane County | ) | |
| Sheriff's Office, and Jefferson | ) | |
| County Sheriff's Office, | ) | |
| | ) | |
| Defendants. | ) | |

Rule 12(b)(6) Motion to Dismiss the First Amended Complaint
by Defendants County of Kane and the Kane County Sheriff's Office


Exhibit B.  Unpublished Memorandum Opinion of Judge Brawka in *Wilder v. Kenneth Ramsey*, Kane County Gen. No. 06 LK 134 (December 14, 2007).

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

**EXHIBIT B**

ANTHONY WILDER, )
)
Plaintiff, )
)
vs. ) General No. 06 LK 134
)
KENNETH RAMSEY, in his capacity as )
Sheriff of Kane County, Illinois, and his )
agents and servants; and COUNTY OF )
KANE, a body politic and corporate, )
)
Defendants. )

Clerk of the Circuit Court
Kane County, IL

DEC 1 4 2007

FILED    91
ENTERED

**ORDER**

THIS CAUSE coming on for ruling on DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON LIABILITY, the Court having reviewed and considered the motion, response and reply along with exhibits; the relevant statutory provisions, Supreme Court rules and case law; having reviewed and considered the arguments of counsel heard on October 19, 2007; having jurisdiction over the parties and the subject matter; and being fully advised in the premises,

FINDS:
1. Defendants basically raise three separate grounds in support of their Motion for Summary Judgment: first, Defendants are entitled to judgment because the statute upon which Plaintiff relies to attach liability to the Sheriff does not apply to corrections officers; second, the Sheriff has absolute immunity from the claims of Plaintiff by way of the Illinois Tort Immunity Act; and finally, that under any circumstances, the facts presented do not support any claims of Plaintiff.

2. As to the first ground argued, 55 ILCS 5/3-6016 states:
   > The sheriff shall be liable for any neglect or omission of the duties of his or her office, when occasioned by a deputy or auxiliary deputy, in the same manner as for his or her own personal neglect or omission.

3. Defendants are correct that the plain reading of 55 ILCS 5/3-6016 does not apply to a corrections officer, who is neither a deputy nor an auxiliary deputy as defined by statute.

4. As no material facts exist in the record which would indicate that any act of a deputy or auxiliary deputy is at issue herein, Defendants are entitled to summary judgment on any claims of liability in Counts I, II, and III grounded in 55 ILCS 5/3-6016.

**EXHIBIT B**

06 LK 134

5. However, Plaintiff maintains in response that he is relying on a common law claim of respondeat superior in order to establish liability of the Sheriff and County herein, although as Defendants point out, nowhere in the Complaint is there any direct reference to a common law respondeat superior claim.

6. Forms of pleadings are governed by the Illinois Code of Civil Procedure, which provides that pursuant to 735 ILCS 5/2-603 and 735 ILCS 5/2-612, no pleading is bad in substance so long as the pleading contains a plain and concise statement of the cause of action, sufficiently defines the issue, and contains such information as reasonably informs the opposite party of the nature of the claim. Further, defects both as to form and substance can be waived.

7. The elements necessary to plead and prove a cause of action under a theory of respondeat superior include a master-servant relationship and that the servant was acting within the scope of employment (See: *Parrino v. Landon*, 8 Ill.2d 468, 134 N.E.2d 311 (1956) for its approval of non-specific language within a complaint sufficient to set out agency).

8. Although not specifically using terms of "respondeat superior" or "master servant" herein, paragraphs 3, 5, 7, and 10 of Counts I and II of Plaintiff's COMPLAINT AT LAW sufficiently meets the pleading requirements noted above, and any objections Defendants may have had but failed to make previously are waived as to the form.

9. Defendants argue in their response that if Plaintiff is allowed to rely upon respondeat superior, because no allegations are made about any specific officer committing an act of wrongdoing. Defendants should be allowed to amend their pleadings and assert additional immunity under 745 ILCS 10/2-109, on the basis that where no specific employee is liable, the Sheriff is shielded from liability.

> A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

10. Regarding the liability of the master in the master-servant relationship, the rule of law as stated in *McCottrell v. Chicago*, 135 Ill.App.3d 517 at 519, 481 N.E.2d 1058 (First Dist. 1985) provides that

> ...in an action by a third party based on injuries caused by the negligence of the servant, the servant is not a necessary party in an action against the master. [citation omitted] Clearly, one need not name each employee of a corporation in a suit for injuries sustained in order to prevail against the corporate employer. Rather, a litigant may sue either the master or the servant, for they are jointly and severally liable [citation omitted]

06 LK 134

11. Based on the foregoing, this court declines to expand the otherwise clear language of 745 ILCS 10/2-109 into setting out an unwritten affirmative requirement that a specific employee of the Sheriff must be a named party in order to determine the underlying employee liability, and finds the Defendants' request to amend the pleadings and for summary judgment on this ground without merit.

12. Defendants next argue immunity based upon two other subsections of the Tort Immunity Act:

> Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners. 745 ILCS 10/4-103.

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused. 745 ILCS 10/2-201.

13. Upon review of all the relevant materials as previously noted, including the complaint, depositions transcripts, and exhibits, no genuine issues of material fact exist to preclude the application of immunity under 745 ILCS 10/4-103.

14. Although Plaintiff argues that he is not alleging lack of sufficient equipment, personnel, supervision, or facilities within his complaint to trigger application of 745 ILCS 10/4-103, *Jefferson v. Sheahan*, 279 Ill.App.3d 74, 664 N.E.2d 212 (First Dist. 1996) and *Bollinger v. Schneider*, 64 Ill.App.3d 758, 381 N.E.2d 848 (Third Dist. 1978) which both involved similar facts of allegations of failure of the respective sheriffs to protect from other inmates, are persuasive authority otherwise on the limited issue of the application of 745 ILCS 10/4-103.

15. Plaintiff next argues that the Illinois County Jail Standards at p. 34 which require periodic inspection of cells every thirty minutes, "negate the immunity statutes" PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT at p. 4.

16. Even if this court were to disregard the opinion of *Dezort v. Village of Hinsdale*, 35 Ill.App.3d 703, 342 N.E. 2d 468 (Second Dist. 1976) which declined to find the Bureau of Detention Facilities and Jail Standards of the Illinois Department of Corrections established a legal duty to prisoners, Plaintiff's argument regarding the Jail Standards is not well-taken, because the issue of existence of a duty is different from whether there is an applicable immunity.

3

06 LK 134

17. Thus, even assuming the Jail Standards as referenced establish a duty to supervise, a breach of that duty, whether by simple negligence or willful and wanton conduct, is immunized by 745 ILCS 10/4-103 and is non-compensable.

18. Plaintiff then further argues and asks this court to extend the "special duty exception" as applied in *Doe v. Calumet City*, 161 Ill.2d 374, 641 N.E.2d 498 (1994) to the facts herein for multiple reasons, including the allegation of willful and wanton misconduct.

19. The Appellate Court in *Jefferson, supra*, declined such a request, and, in light of the subsequent decisions of the Illinois Supreme Court which *sub silentio* overruled the portion of *Doe* which held the special duty doctrine overrode statutory immunities, *DeSmet v. County of Rock Island*, 219 Ill.2d 497 at 518, 848 N.E.2d 1030 (2006), this court declines to do so as well.

20. Plaintiff's argument regarding the ministerial as opposed to discretionary nature of acts of periodic inspection have more relevance to the application of immunity pursuant to 745 ILCS 10/2-201, especially where there are genuine issues of material fact as to the inappropriate written response received by Plaintiff to his written request, but these issues are now moot in light of the finding of immunity pursuant to 745 ILCS 10/4-103.

WHEREFORE, IT IS HEREBY ORDERED:

A. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON LIABILITY is granted, and judgment is entered in favor of the Defendants and against the Plaintiff herein.

Enter: 12/14/07

_____
Judge