SRM/JLT/pjh - **12089**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY GARDNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | 08 C 1275 |
| | ) | Judge Kocoras |
| JEFFERSON COUNTY, ILLINOIS, KANE | ) | Magistrate Judge Nolan |
| COUNTY, ILLINOIS, KANE COUNTY | ) | |
| SHERIFF'S OFFICE, and JEFFERSON | ) | |
| COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COME Defendants, JEFFERSON COUNTY AND JEFFERSON COUNTY SHERIFF'S OFFICE, by and through their attorney, STEPHEN R. MILLER, NIKOLETA LAMPRINAKOS and JOHANNA TRACY of MYERS MILLER & KRAUSKOPF, LLC and in further support of their Motion to Dismiss Plaintiff's First Amended Complaint at Law (hereafter "Complaint"), state as follows:

### Introduction

1. Plaintiff, Kimberly Gardner has filed suit against Jefferson County, Illinois, Kane County, Illinois, Kane County Sheriff's Office and Jefferson County Sheriff's Office. The Complaint alleges two counts, one which alleges a violation of state law and one which alleges violations of federal law. (See Complaint)

2. The claims can be summarized as follows for clarity and ease of reference:

   (A)  Count I - Negligence

   (B)  Count II- Violation of the Civil Rights Act of 1871, 42 U.S.C. §1983

1

**Standard of Review**

3.      A district court must dismiss a complaint under FRCP 12(b)(6) "[i]f, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted." *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal of a claim is appropriate if there exists no set of facts that would support the claim and entitle a plaintiff to recover. *Harris v. City of Auburn*, 27 F.3d 1284, 1285 (7th Cir. 1994). A court need not strain to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977). Plaintiffs are required to plead all the essential facts outlining every element required to state a cause of action. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986). The complaint must state either direct or inferential allegations concerning all material elements necessary for recovery under the chosen legal theory. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984); *Glatt v. Chicago Park Dist.*, 847 F. Supp. 101, 103 (N.D. Ill. 1994) (Norgle, J.). Plaintiff's Complaint is replete with conclusions unsupported by fact and fails to allege facts in support of every element needed to state a cause of action.

4.      FRCP 41(b) states that an involuntary dismissal is appropriate if the plaintiff fails to comply with the Federal Rules of Civil Procedure. Here, Plaintiff has clearly failed to comply with the requirements of 12(b)(6) and 10(b) this dismissal is proper

**Argument**

5.      Count I should be dismissed as Section 745 ILCS 10/4-103 of the Tort Immunity Act gives absolute immunity to the Sheriff in the formulation of policy in operating the jail, and have rejected assertions that any exception exists, even for willful and wanton conduct. *Jefferson v. Sheahan*, 279 Ill. App. 3d. 74, 77-81 (1st Dist. 1996).

6.      Additionally, courts have found the Sheriff is an officeholder vested with discretion entitled to the absolute immunity granted by Tort Immunity Act Section 745 ILCS 10/2-201. *Thiele v. Kennedy*, 18 Ill. App. 3d 465, 468 (3rd Dist. 1974).

7.      In this case, the policies which the Plaintiff complains of are precisely the type of complaints against which the courts in *Jefferson* and *Thiele* found the Sheriff to be immunized. The actions which the Plaintiff complains of, namely inmate transfer decisions, supervision of

employees, and management of the jail facilities, are the types of complaints against which the courts in *Jefferson* and *Thiele* found the sheriff to be immunized and therefore Count I should be dismissed.

8.     Additionally, the Complaint fails to name, either explicitly or by implication, any individual defendants employed by the County or the Sheriff, who could physically have been present at events that took place in the Jefferson County Jail.

9.     The Tort Immunity Act provides that "[a] local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109.  As the potential tort liability of a public entity is coextensive with the liability of its employees, and none are named in this case, the County and Sheriff are immunized against this complaint.  *Wilson v. Hunk*, 51 Ill. App. 3d 1030, 1034-1035 (4th Dist. 1977).  It is for this reason also that Count I must be dismissed.

10.    Count II should be dismissed because Plaintiff did not exhaust administrative remedies pursuant to 42 U.S.C. 1997(e)(a).  The Prisoners Litigation Reform Act (hereafter "PLRA") provides that "no action shall be brought with respect to prison conditions under 42 U.S.C. §1983...by a prisoner confined in a jail...until such administrative remedies as are available are exhausted."  42 U.S.C. §1997(e)(a); *see also Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed. 2d 958 (2001); *Massey v. Helman*, 259 F.3d 641 (7th Cir. 2001).  Plaintiff has failed to plead any fact that states or from which it could be inferred that Plaintiff satisfied the above requirements.  Plaintiff has not pled one fact from which this court could infer that Plaintiff exhausted or even availed herself of her administrative remedies as required by 42 U.S.C.1997e(a), nor has Plaintiff pled that the administrative remedies were unavailable to him.  For this reason, Count II must be dismissed.

11.    Additionally, Count II should be dismissed because plaintiff fails to state a claim of municipal liability under the notice pleading standard.  While §1983 complaints are not subject to heightened pleading standards, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), Plaintiff's complaint is insufficient even under the "notice pleadings" standard.

12.    Notice pleading requires plaintiffs to make a "short plain statement of the claim"

thereby notifying the defendant of the grounds upon which the claim rests. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985). Plaintiff must allege "some fact" to suggest that a specific municipal policy exists. Id. If not, boilerplate allegations would allow plaintiff's claims to survive a motion to dismiss without any basis for establishing that a policy exists. Id.

13.     Plaintiff's complaint, however, fails to allege "some fact" that suggests that the sheriff's department maintains any policy which is deliberately indifferent to the safety of the inmates it houses. The Complaint is devoid of any allegations that the Jefferson County Sheriff's Department maintained any official or unofficial policy which operated in violation of Plaintiff's Substantive Due Process rights. Plaintiff has not pled any allegations which would indicate that Defendants maintained an unconstitutional policy and therefore Count II should be dismissed.

14.     Finally, Count II should be dismissed because Plaintiff cannot prove that the Jefferson County defendants violated her constitutional rights. Section 1983 provides a cause of action for violations of certain federal rights but does not create any new substantive rights. *Albright v Oliver*, 510 U.S. 266 (1994). To state a claim for relief under §1983, Plaintiffs have the burden of alleging two elements with some factual detail: (1) that they suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States, and (2) that a person acting "under color of law" caused the deprivation, either by an act or omission. *Baxter v. Vigo County School Corp.,* 26 F.3d 728 (7th Cir. 1994).

15.     Count II of Plaintiff's Complaint alleges that Defendants failed to protect her from harm in violation of the Fourteenth Amendment of the United States Constitution. Such claims are often rooted in the Eight Amendment's Cruel and Unusual Punishment Clause, which imposes upon prison officials the duty to "take reasonable measures to guarantee the safety of inmate." *Farmer v. Brennan*, 511 U.S. 825, 832, 128 L.Ed. 2d 811, 114 S.Ct. 1970 (1994), *quoting, Hudson v. Palmer*, 468 U.S. 517-526-27, 82 L.Ed. 2d 393, 104 S.Ct. 3194 (1984). However, the source of a pre-trial detainee's rights is the Fourteenth Amendment's Due Process Clause. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 259 n.1 (7th Cir. 1996). "The due process rights of a pre-trial detainee are at least as great as the Eighth Amendment protection available to a convicted prisoner, therefore, §1983 claims brought under the Fourteenth Amendment are to be analyzed under the Eighth Amendment test." *Bell v. Wolfish,* 441 U.S. 520, 535, n.16, 545, 60 L.Ed. 2d 447, 99 S.Ct.

4

1861 (1979).

16. In a due process challenge, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous that it may be fairly said to shock the conscience. *County of Sacramento v. Lewis,* 523 U.S. 844, 847 (1996). However, in the same opinion, the Supreme Court noted that "deliberate indifference" as a standard of culpability is "sufficient to identify a dereliction as reflective of municipal policy and to sustain a claim of municipal liability for failure to train an employee who causes harm by unconstitutional conduct" *Id.;* See *Canton v. Harris*, 489 U.S. 378, 388-89, 103 L. Ed. 2d 412, 109 S.Ct. 1197 (1989). Under either standard, Plaintiff has failed to state a cause of action and therefore Count II should be dismissed.

17. Count II should be dismissed because the Jefferson County Defendants' conduct does not "shock the conscience." To satisfy this standard, the Seventh Circuit has determined "a plaintiff [must] show misconduct that a reasonable person would find so beyond the norm of proper police procedure as to shock the conscience, and that is calculated to induce not merely momentary fear or anxiety, but severe mental suffering, in the plaintiff." *Barnhill v. Doiron*, 958 F.2d 200 (7th Cir. 1992). It is well established that it is insufficient to allege negligent conduct. *County of Sacramento*, 523 U.S. at 849 (1996). Plaintiff's own Complaint identifies the Jefferson County's Defendants acts as "negligent and careless acts or omissions." (Complaint at ¶ 10). As a result, Plaintiff cannot satisfy the conscious shocking standard and Count II should be dismissed.

18. In the alternate, Count II should be dismissed as Plaintiff has failed to allege facts to show that the Jefferson County Defendants' conduct was deliberately indifferent. Plaintiff's allegation that the Jefferson County Defendants failed to protect her is governed by the Supreme Court's decision in *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 195-96 (1989).

19. The Seventh Circuit has defined "deliberate indifference" as "conscious disregard of known or obvious dangers." *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998). Mere negligent conduct does not implicate the Due Process Clause. *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed. 2d 662 (1986). Plaintiff's Complaint only alleges that Defendants failed to properly supervise sheriff's department employees, failed to prevent sheriff's department

5

employees from having unsupervised access to Plaintiff's cell, allowed communication of an inappropriate sexual nature between Plaintiff and male prison personnel, failed to have adequate prison matrons and failed to properly assess and train sheriff's department employees. (Complaint at ¶ 10). Each of these specifications, however, fails to rise to the level of criminal recklessness necessary to satisfy the deliberate indifference standard. Plaintiff herself describes these actions as "negligent and careless acts or omissions." (Complaint at ¶ 10). In the absence of any allegation that Defendants were deliberately indifferent to a known or obvious risk that Plaintiff would be injured, Plaintiff cannot establish that the Jefferson County Defendants were deliberately indifferent to a known or obvious risk of harm. As a result, Plaintiff cannot establish that her Substantive Due Process rights were violated and Count II of her Complaint should be dismissed.

20. Finally, Plaintiff briefly mentions that Jefferson County Defendants' conduct contravenes the Fourth and Sixth Amendments of the United States Constitution as well as the Equal Protection Clause. The Fourth Amendment protects individuals against unreasonable search and seizure. Plaintiff has not made one allegation that implicates the Fourth Amendment.

21. The Sixth Amendment of the United States Constitution provides that each person shall enjoy the right to a speedy and public trial by an impartial jury, to be informed of the charges against him and to have the assistance of counsel for his defense. Plaintiff does not allege any fact that supports an allegation that Plaintiff's Sixth Amendment rights were violated.

22. Plaintiff states for the first time at the end of her Complaint that "the conduct of the Jefferson County defendants deprived the plaintiff her right to equal protection of the laws." (Complaint at ¶ 12). To state an equal protection claim, a §1983 plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumable historically disadvantaged) group. *Sherwin Manor Nursing Home v. McAuliffe,* 37 F.3d 1216, 1220 (7th Cir. 1994). Plaintiff does not plead any fact to support the conclusion that her alleged injury had anything to do with her identification with a particular group. Therefore, any request for relief under the Equal Protection Clause of the United States Constitution must also be dismissed.

23. Should this Court grant Kane County's Motion to Dismiss and deny that of the Jefferson County Defendants, Jefferson County Defendants respectfully request that this case be

transferred to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §1404(a). Pursuant to 28 U.S.C. §1404(a), a district court may transfer a civil action for the convenience of the parties and witnesses and in the interest of justice to any other district or division in which it might have been brought. 28 U.S.C. §1404(a); *Amoco Oil Co. v. Mobil Oil Co.*, 90 F.Supp2d 958, 959 (N.D.Ill. 2000). In considering a motion to transfer venue, a court must first consider the convenience of the parties and the witnesses. *Law Bulletin Publishing Co. v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1017 (N.D.Ill. 1998). In this analysis, the court should consider five factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Id.*

24.     While the plaintiff's choice of forum is an important consideration, it is not absolute and will not defeat a well-founded motion to transfer. *Amoco Oil Co.,* 90 F.Supp.2d at 960; *Law Bulletin Publishing Co.*, 992 F.Supp. at 1017. In this case, the Plaintiff is Kimberly Gardner, who resides in the Northern District. However, the cause of action did not exclusively arise in the Northern District. Instead, the heart of the controversy involves alleged conduct in the Southern District. Therefore, Plaintiff's choice of forum remains a consideration, but should be accorded less deference by the court. The majority of material events occurred in the Southern District and the majority of the witnesses are located there. The convenience of witnesses is often viewed as the most important factor in the transfer analysis. *Law Bulletin Publishing Co.*, 992 F.Supp. at 1018. In analyzing this issue, the court looks to the nature and quality of the witnesses' testimony with respect to the issues of the case. *Id.*

25.     Finally, the court must consider the interests of justice. The relation of the community to the occurrence at issue and the desirability of resolving controversies in their locale heavily favor transfer. The policies and potential constitutional violations of Jefferson County sheriffs and the treatment of Jefferson County jail inmates is of great concern to the people living in and near Jefferson County. These issues are more remote to a Northern District jury, who might justifiably resent having to dedicate their time to adjudicating issues involving the other end of the state. Therefore, the interests of justice also favor transfer.

## Conclusion

WHEREFORE, Defendants, JEFFERSON COUNTY AND JEFFERSON COUNTY SHERIFF'S OFFICE by and through their attorney, STEPHEN R. MILLER, NIKOLETA LAMPRINAKOS and JOHANNA L. TRACY of MYERS MILLER & KRAUSKOPF, LLC, respectfully request that the Court grant their Motion to Dismiss for all the foregoing reasons.

Respectfully submitted,

**MYERS MILLER & KRAUSKOPF, LLC**

By: __s/Stephen R. Miller_____
Stephen R. Miller

Stephen R. Miller  (6182908)
Nikoleta Lamprinakos (6274018)
Johanna L. Tracy (6278612)
MYERS MILLER & KRAUSKOPF, LLC
30 North LaSalle Street, Suite 2200
Chicago, IL 60602
(312) 345-7250