UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY GARDNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFFERSON COUNTY, et al. )<br>)<br>)<br>)<br>Defendants. ) | Case No.: 1:08-cv-01275<br>Honorable Charles P.<br>Kocoras |

**Plaintiff's Brief in Opposition to the Motions of the Kane and Jefferson Defendants**

Now Comes the plaintiff, Kimberly Gardener, by and through her attorneys, Brittain and Ketcham, and for her brief in opposition to the motions of Kane County, Jefferson County, Kane County Sheriff's Office and Jefferson County Sheriff's Office to dismiss the plaintiff's complaint, state as follows:

**FACTS**

1.  The Plaintiffs amended complaint alleges that Kimberly Gardner was a minor child in the custody of the Kane County Sheriffs Department. (paragraph 1,5, and 7). While she was under the care, custody, and control of the defendants she was subject to statutory rape by a guard at the Jefferson County Jail. (paragraph 9, 10, and 12) By reasonable inference, a prison guard forcing sex upon a minor inmate is certainly a volitional, if not intentional act. Allowing such conduct to occur may be negligent, willful and wanton, or intentional depending up on facts and circumstances as they are developed during discovery. When read in a light most favorable to the nonmoving party,

1

paragraph 11 alleged that the defendants knew... of the ongoing inappropriate conduct between the male jailhouse personnel and female inmates, including minor female inmates, but ... refused to correct any of the conditions.

**ARGUMENT**

2. The Defendants file their respective motions to dismiss presumably under Federal Rule of Civil Procedure 12(b)(6). In ruling on a motion to dismiss, the allegations of the Complaint, and all reasonable inferences are accepted as true. *Baker v. Westinghouse Electric Company,* 70 F.3d 951 (7'" Cir. 1995).

**I. Tort Immunity**

3. The Defendants claim the Count I of the Plaintiffs Complaint should be dismissed as the Tort Immunity Act grants absolute immunity for the alleged improper behavior. The Defendants attempt to compare the Plaintiffs Amended Complaint, which alleges improper sexual actions performed by the Defendants to cases concerning inmate transfer decisions, supervision of employees, and general management of jail facilities. The allegations contained in the Plaintiffs Amended Complaint do not plead frivolous facts concerning the procedures for transporting a prisoner from one facility to another, but the deliberate use of power and control over an underage girl for the express purpose of self-gratification.

4. The defendants cite Jefferson v. Sheahan, 279 Ill App 3d 74 (1st Dist. 1996) for the proposition that the immunities provided under section 4-103 of the Tort Immunity Act provide for no exception to the immunities therein stated. However, the case of Desmet v. The County of Rock Island, 219 Ill 2d 497 (2006), recognized that there were exceptions to the Tort Immunity Act for persons offered specific statutory protection by

the legislature. The plaintiff herein, Kimberly Gardner, is protected both by the provisions of the Unified Code of Corrections (730 ILCS) and the administrative code regulations that it mandates (20 IL ADC 700 Et seq) as well as the Illinois Criminal Code. She is a specially protected class of individuals to whom statutorily mandated duties are owed.

5. In *Calloway v. Kinkelaar*, 168 Ill.2d 312, 659 N.E.2d 1322 (Ill. 1995), the Supreme Court spoke to the standard applied when a plaintiff claimed the benefit of a statute as a basis for her civil suit. The Court stated that in deciding whether a complaint states a cause of action based on negligent violation of a statute or ordinance, courts generally ask whether legislation was designed to protect human life or property and, if so, whether plaintiff is a member of class intended to be protected. *Calloway*, 168 111.2d at 319. The Court pointed out "potential governmental liability derives from the statutory scheme created by the Domestic Violence Act, which identifies a specially protected class of individuals to whom statutorily mandated duties are owed. These duties states that law enforcement officers having reason to know of the abuse *"shall* immediately use all reasonable means to prevent further abuse," including the arrest of the abuser and physically transporting the victim to safety."

6. In this case, Ms. Gardner is a member of the protected class, and both statutory schemes are referred to above were clearly designed to protect her person. It would be incongruous to say a that the legislature intended to protect Ms. Gardner from sexual activity on the part of her jailers, but provide no mechanism to ensure that the employers of the county jail personnel take the statutory mandates seriously. As the court later

reiterated in the case of *Moore v. Green*, 219 Ill 2d 470, "if the defendants are correct, the General Assembly, in passing the Domestic Violence Act, told municipal law enforcement agencies what to do, but confided that there would be few repercussions for failing to do so. We presume the legislature did not intend the act to be rendered superfluous or vaguely advisory." Similarly, in the instant matter, a finding that all of the above statutory provisions for the benefit of Ms. Gardner failed to provide her with some basis for enforcement would render the provisions of the Illinois Jail Act, the Code of Corrections, the administrative code provisions, and the Criminal Code "superfluous or vaguely advisory." It should also be noted that the legislature passed the provisions for Ms. Gardner's protection *after* the enactment of the Tort Immunity Act in 1965. Similarly, based upon the statutory protection for inmates, and specifically the prohibition of sexual contact between an employee of the penal system and any of its inmates as set forth in the criminal code, allowing or condoning such conduct cannot, as a matter of law, be an exercise in discretion for the officeholder. The decision whether or not to engage in an act of sexual penetration with a prisoner in the custody of the sheriffs office can not be a matter of exercising discretion. Clearly, the prohibition on sexual conduct makes its prevention and a prohibition a ministerial act.

7.  Based on the allegations contained in the Plaintiffs Amended Complaint, it is accepted as true for the purpose of the Defendants' Motion that each Defendant knew or should have known of ongoing inappropriate conduct between the male jailhouse personnel and the female inmates, including minor female inmates, as properly pled in Plaintiffs Complaint. It is equally accepted that Kane County is required by Illinois law to provide safe and adequate housing for all inmates.

4

8.    The Complaint specifically lists factual allegations of inappropriate conduct between listed male jailhouse personnel, including factual allegations of statutory rape, which all occurred while the Plaintiff, KIMBERLY GARDNER was incarcerated in the Kane County Jail and was transferred for housing to the Jefferson County Jail.

9. In addition, the pleadings specifically allege that the respective counties had knowledge or should have had knowledge of the ongoing behavior of certain male employees that used their position to force underage women to perform certain sexual acts. By reference, it can be inferred that complaints of similar described acts had been made against the respective Defendants. Finally, not only were these willful acts performed while the Plaintiff was under the Defendant's authority and control, but the alleged acts were performed by employees of the Defendant Jefferson County Sheriff themselves.

10.    In this case, government employees caused the alleged harm, while the plaintiff was under the direct control of that employee. The plaintiffs complaint alleges that Kimberly Gardner was a minor child in the custody of the Kane County Sheriffs Department. (Paragraph 1,7, 5). In summary, the plaintiff complains that while she was under the care, custody, and control of the defendants she was subject to statutory rape by a guard at the Jefferson County Jail. (Paragraph 9, 10, 12). Allowing such conduct to occur may be negligent, willful and wanton, or intentional depending up on facts and circumstances as they are developed during discovery. When read in a light most favorable to the non- moving party, paragraph 11 alleged that the defendants knew... of the ongoing inappropriate conduct between the male jailhouse personnel and female inmates, including minor female inmates, but . . . refused to correct any of the conditions.

11.  In addition, the Complaint properly alleges the Defendants were aware of similar actions taking place, as it can be inferred that similar transgressions were taking place in the facilities controlled by the Defendants. The Pleadings, therefore, demonstrate and utter indifference or conscious disregard for the safety of the Plaintiff or other similarly situated underage women placed under the control of the Defendants, as the Plaintiff, KIMBERLY GARDNER, became a victim of statutory rape while an inmate at JEFFERSON COUNTY JAIL facilities in violation of Illinois Law, 720 ILCS 5/11 -9.2.; 720 ILCS 5112 - 13 (4).

12.  Under the doctrine of respondeat superior, an employer may be liable for the negligent, willful, malicious, or even criminal acts of its employees when such acts are committed in the course of employment. *Brown v. King*, 328 Ill App 3d 717 (1st Dist. 2001). Obviously, it will remain to be seen what can and can't be proven for purposes of trial. It is anticipated the identity of the alleged individuals will be found through employee schedules and listed responsibilities during the discovery process. However, at this stage of the pleadings the plaintiff has clearly pled a case for the exceptions to the tort immunity act, which have been a recognized by the Illinois Supreme Court. The defendant seeking to establish immunity has the burden of proving its right to immunity under the act. *Desmet v. The County of Rock Island*, 219 Ill 2d 497, 504 (2006). The pleadings on file and the statutory parameters regarding the obligation to protect and care for Ms. Gardner show that the defendant has not established its right to immunity as a matter of law.

**B. Count II**

**Exhaustion of Remedies**

13. The defendant, Jefferson County, asks this court to dismiss the complaint for the plaintiff's "failure to exhaust administrative remedies," but fails to indicate what those administrative remedies available to the plaintiff might be, or how she falls within the ambit of the cited provision s of the Prisoners' Litigation Reform Act. First, it should be noted that the statutory language applies to 1983 actions "by a prisoner confined to jail." The plaintiff is not confined to jail, and is not seeking any litigation with respect to prison conditions. Indeed, the cases cited by the defendant all deal with a "prisoner" and not a former inmate. Plaintiff's research has failed to indicate any case wherein the PLRA has applied to a temporary "overflow" inmate of a county jail. The defendant has not indicated what administrative remedies are available for a party no longer an occupant of the state or county.

Plaintiff has found administrative remedies only for persons either incarcerated or on parole but under the supervision of the department of corrections:

> 504.900 Applicability
> This Subpart applies to persons committed to the Department of Corrections who have been released from correctional facilities and are under the supervision of the Department.

Ill. Admin. Code tit. 20, § 504.900;

> 504.800 Applicability
> This Subpart applies to offenders assigned to correctional facilities within the Department of Corrections.

Ill. Admin. Code tit. 20, § 504.800

This is consistent with the actual wording of the PLRA:

> "(a) Applicability of **administrative remedies**
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any **jail**, prison, or other correctional facility until such **administrative remedies** as are available are exhausted." 42 U.S.C. § 1997e(a) (2000).

7

**Notice Pleading Standard.**

14.     The defendant's next argument is that the pleadings are not sufficient under Monell. However, this 7th Circuit has acknowledged that its earlier readings regarding the pleading requirement of Monell were overly strict. Illinois has held that a Municipality may be sued directly under § 1983 for constitutional deprivations inflicted on individuals pursuant to government policy or custom where sufficient causal link existed between policy or custom and deprivation. 42 U.S.C.A. § 1983. In a § 1983 action, for example, pervasive risk of harm may be established by proving that violence occurs with sufficient frequency that inmates are put in fear for their safety so that officials in charge of jail are reasonably apprised of existence of problem and need for protective measures. 42 U.S.C.A. § 1983. *DeBow v. City of East St. Louis*, 158 Ill.App.3d 27, 43, 510 N.E.2d 895 (5th Dist. 1987). This Circuit's stricter interpretation of the pleading requirements of Monell as set forth in *Strauss v. City Of Chicago*, 760 F.2d 765 (7th Cir. 1985) would have appeared to be overruled, sub silentio, in *Leatherman v. Tarrant County Narcotics Intelligence And Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160 (1993) wherein the court said that held that federal court may not apply "heightened pleading standard," more stringent than usual pleading requirements, in civil rights cases alleging municipal liability under § 1983. In Leatherman, the plaintiffs did not plead any course of conduct or specifics of a pattern or policy as required in Strauss. (the 5th Circuit had a similar reading of the Monell standard of pleading as the 7th circuit) The Supreme Court stated that " We think that it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit in this case with the liberal system of "notice pleading" set up by the Federal Rules. Rule 8(a)(2) requires

that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." In Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), we said in effect that the Rule meant what it said: "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." 507 U.S. 163 at 168. In appearing to reject the 7th Circuits rejection of the Strauss plaintiff's argument that he should be allowed to do discovery on the issue of pattern or practice, the Supreme Court also said that "the phenomenon of litigation against municipal corporations based on claimed constitutional violations by their employees dates from our decision in Monell, supra, where we for the first time construed § 1983 to allow such municipal liability. Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement of Rule 9(b). But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation. *In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.* 507 U.S. at 168-169 (emphasis added)

15. The name and address of the employee that engaged in oral sex with the minor plaintiff is not within the control of the plaintiff. He did not leave a calling card. Upon information and belief, the defendant knows the person, employed by the defendant, who had sex with the plaintiff in contravention of the Illinois Criminal Code. This court can control discovery and rely on summary judgment once the facts are of record in

determining whether there is a Monell situation in this litigation. At this point, it is too early to tell, and the Supreme Court would appear to agree that the pleading of the incidents upon which the claims are based is sufficient notice to the municipal defendants under federal law.

**Violation of Constitutional Rights**

16.     The Jefferson County Defendants allege that "plaintiff cannot prove that the Jefferson County Defendants violated her constitutional rights." However, the plaintiff's complaint alleges that Kimberly Gardner was a minor child in the custody of the Jefferson County Sheriff's Department. (paragraph 1, 7, 5). In summary, the plaintiff complains that while she was under the care, custody, and control of the defendants she was subject to statutory rape by a guard at the Jefferson County Jail. (paragraph 9, 10, 12) A guard's having sex with a minor inmate is certainly a volitional, if not intentional act. Allowing such conduct to occur may be negligent, willful and wanton, or intentional depending up on facts and circumstances as they are developed during discovery. When read in a light most favorable to the non- moving party, paragraph 11 alleged that the defendants "knew… of the ongoing inappropriate conduct between the male jailhouse personnel and female inmates, including minor female inmates, but … refused to correct any of the conditions." The plaintiff cannot point out any specific administrative mandate that was violated by the defendant's employee, however, an explicit prohibition in the administrative code would seem superfluous in light of the criminal code, which provides that:

> (a) A person commits the offense of custodial sexual misconduct when:
> (1) he or she is an employee of a penal system and engages in the sexual conduct or sexual penetration with a person who it is in the custody of that penal system …

10

720 ILCS 5/11 –9.2.  Criminal code also provides that a person is guilty of criminal sexual assault when he:

> (4) commits an act of sexual penetration with a victim who was at least 13 years of age but under 18 years of age when the act was committed and the accused was 17 years of age or older and held a position of trust, authority or supervision in relation to the victim.

720 ILCS 5/12 – 13 (4).

17.    The plaintiff does allege that the Jefferson defendants allowed conduct and contact between its employees and the female inmates such that physical conduct, in this case statutory rape, took place.  The defendants appear to admit that the lower standard of deliberate indifference applies, stating in its brief: "the lower standard of 'deliberate indifference' applies in custodial situations when government actors actually have a chance to deliberate." See *County of Sacramento*, 423 U.S. 833 at 851-53"  While some might say that allowing or fostering a situation where jailhouse guards had oral sex with a minor female (some parents, say, or some jurors) was shocking to the conscience, virtually no person could argue that allowing or fostering a situation where jailhouse guards had oral sex with a minor female was not evidence of deliberate indifference to the rights of the minor female.  The defendant argues that "there is no allegation that the Jefferson County Defendants trained and supervised jail personnel in such a manner that it would be obvious that an inmate would be injured. There is similarly no allegation or suggestion that the Jefferson County Defendants knew that any jail personnel had unsupervised access to Plaintiff or were communicating inappropriately with Plaintiff and that they disregarded the risk associated with it."   However, the complaint states clearly that the defendants knew of the conduct and that it was ongoing:

11

> 10. That notwithstanding their duties as aforesaid, the Defendants, each of them, were guilty of one or more of the following negligent and careless acts or omissions:
>
>> C. Allowed sheriff's department employees and other county jail personnel to accept female inmate's attention or sexual favors in exchange for additional food, toiletries, and other privileges in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;
>>
>> D. Allowed communication of an inappropriate or sexual nature between the male prison personnel and female inmates including the Plaintiff, KIMBERLY GARDNER in violation of 730 ilcs 5/3 – 15 – 2 (a) which requires minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety. ;
>
> 11. That the Defendants, each of them, either knew or should have known of the ongoing inappropriate conduct between the male jail house personnel and the female inmates, including minor female inmates, but failed and refused to correct any of the conditions as set forth above.

18. While perhaps inartfully drafted, if the plaintiff proves that the defendants "knew of the ongoing inappropriate conduct…but failed and refused to correct it" (paragraph 11) or "Allowed sheriff's department employees and other county jail personnel to accept female inmate's attention or sexual favors in exchange for additional food, toiletries, and other privileges" there is ample room to argue, and for a jury to accept, that the defendants exhibited utter indifference to the plaintiff or to the possibility that guards would have sex with detainees, even minor detainees. The defendants mix their arguments between pleading and proof. The plaintiff has plead sufficient to advise the defendants of the nature of the claim against them, and whether the allegations withstand the discovery process is another question. The *federal courts and litigants must rely on*

*summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.* Leatherman v. Tarrant County Narcotics Intelligence And Coordination Unit, 507 U.S. at 168-169 (emphasis added)

19. The Kane County Defendant alleges the Plaintiff cannot seek damages from it as the claimed allegations occurred in Jefferson County Jail. The Amended Complaint properly alleges the Plaintiff was transferred to Jefferson County on account of overcrowding. The statutory framework for the minimal standards applicable to local jails is fond under chapter 730 of the Illinois compiled statutes. 730 ILCS 513 - 15 - 2 (a) provides that the Department of Corrections will establish standard's for the operation of county and municipal jails with *minimum standards for the physical condition of the institutions and for the treatment of inmates with respect to their health and safety.* (emphasis added). Those standards are set forth in detail in Title 20 of the Illinois Administrative Code. 20 IL ADC 701. 01 Et seq.

20. The department of corrections sets forth minimum standards for staff training and includes provisions for a code of conduct, which defines behavioral and ethical standards for the employees of the county jails. While there is no verbatim rule in the administrative code which prohibits jail guards or supervisors from having sexual contact with minor female prisoners, however, the Amended Complaint alleges the Kane County Defendants had knowledge of the improper conduct on behalf of the Jefferson Defendant, but failed to take any action to ensure the claimed improper actions didn't occur to this specific Plaintiff. Kane County's argument that the department had no further obligation to its inmates when they are transferred to another facility is without basis. The only support put forth is an unpublished opinion, which is completely improper and should not

13

be considered by this Honorable Court.

21.　In argument, the Defendant attempts to redirect this Honorable Court's attention towards the allegations of improper supervision, unsupervised access to Plaintiffs cell, and improper training. The Plaintiffs Complaint, however, alleges specific facts, which are accepted as true for the purpose of this motion, the Defendants' deliberate use of power and control over an underage girl for the express purpose of sexual gratification. Most egregious is the allegation the Defendants, knew or should have known of the ongoing sexual conduct between the male jail house personnel and the female inmates, including minor female inmates, but failed and refused (emphasis added) to correct any of the conditions as set forth above. This Honorable Court should construe the allegations of a prison facility and its employees that knew of actions consisting of statutory rape, but refused to take any action, as shocking to the conscience.

Wherefore, the plaintiff, Kimberly Gardener, respectfully requests that this Honorable Court deny the motions of the Kane County and Jefferson County defendants.

Respectfully submitted,
KIMBERLY GARDNER

By: _____
Daniel E. Compton

Daniel E. Compton
BRITTAIN & KETCHAM, P.C
85 Market Street
Elgin, Illinois 60123
847-742-6100
Attorney No.: 06195038

14