IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Gardner, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 1275 |
| | ) | |
| v. | ) | Judge Kocoras |
| | ) | |
| Jefferson County et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Reply to Plaintiff's Brief in Opposition to the
Kane County Defendants' Motion to Dismiss the First Amended Complaint**

Now come all Kane County Defendants, by their attorneys Kane County Assistant State's Attorneys Elizabeth K. Flood and Joseph F. Lulves, and state in Reply to Plaintiff's Brief in Opposition to the Kane County Defendants' Motion to Dismiss the First Amended Complaint:

1. Plaintiff's Response to the Motion to Dismiss regarding Count II, the federal civil rights count, consists of two paragraphs out of fourteen pages, relying on the unsupported assertion that Defendants' citation of an unpublished opinion by Judge Pallmeyer is improper and should be ignored by this Court.

2. Research reveals no rule barring the citation of a judicial opinion that is publicly available on the court's web site, and the citation was noted to be persuasive, and not binding. Further, Plaintiff's First Amended Complaint asserts a new theory of liability, that an Illinois county sheriff is responsible for events that take place in another county's jail. "Federal courts today do follow some common law traditions. When ruling on a novel issue of law, they

1

will generally consider how other courts have ruled on the same issue. This consideration will not be limited to courts at the same or higher level, or even to courts within the same system of sovereignty." *Hart v. Massanari*, 266 F.3d 1155, 1169 (9th Cir. 2001)(citations omitted)(reviewing in depth the history of the evolution of federal precedent). Just so in this case, where Defendants' submit this exact question, between the same two Illinois counties, has been ruled on by Judge Pallmeyer, and the Kane County Defendants suggest this Court adopt Judge Pallmeyer's reasoning in this case.

3. Plaintiff's Response to the Motion to Dismiss Count I of the First Amended Complaint, the State claim, consists of arguments aimed at reading exceptions into the Illinois Local Governmental and Governmental Tort Immunity Act sections relied upon by the Kane County Defendants, 745 ILCS 10/4-103 and 745 ILCS 10/2-201.  For the reasons, and based on the authority, stated in the Motion to Dismiss, these arguments of the Plaintiff are rejected by Illinois courts, specifically the trial court opinion cited in the Motion to Dismiss. Illinois county sheriffs have absolute immunity, without exception, on state claims based upon the operation of county jails.

4. As Plaintiff makes no response to the Motion to Dismiss by the County of Kane, based on not being a directly suable entity, the County of Kane suggests its Motion to Dismiss is unopposed.

Wherefore, for the above reasons and authority, and that contained in the Motion to Dismiss the First Amended Complaint, all Kane County Defendants ask this Court to dismiss this Complaint against them.

    Respectfully submitted,

    County of Kane,
    Kane County Sheriff's Office by:

    /s/Joseph F. Lulves
    Assistant State's Attorney

John A. Barsanti
Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630 208-5320
Atty. No. 6197008