SRM/JLT/pjh - **12089**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY GARDNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | 08 C 1275 |
| | ) | Judge Kocoras |
| JEFFERSON COUNTY, ILLINOIS, KANE | ) | Magistrate Judge Nolan |
| COUNTY, ILLINOIS, KANE COUNTY | ) | |
| SHERIFF'S OFFICE, and JEFFERSON | ) | |
| COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO THE
MOTIONS OF THE KANE AND JEFFERSON DEFENDANTS**

NOW COME DEFENDANTS, JEFFERSON COUNTY and JEFFERSON COUNTY

SHERIFF'S OFFICE, by and through their attorneys, Stephen R. Miller, Nikoleta Lamprinakos and

Johanna L. Tracy of MYERS MILLER & KRAUSKOPF, LLC., and in further support of their

Reply to Plaintiff's Brief in Opposition to the Motions of the Kane and Jefferson Defendants state

as follows:

**ARGUMENT**

I.    **COUNT I**

A.    **The Illinois Local Governmental and Governmental Employee Tort Immunity
Act Grants the Sheriff Absolute Immunity for the Alleged Negligent Acts**

Courts have found that Section 745 ILCS 10/4-103 of the Tort Immunity Act gives absolute

immunity to the sheriff in the formulation of policy and operating the jail and have rejected

assertions that any exception exists, even for wilful and wanton conduct. *Jefferson v. Sheahan,* 279

1

Ill. App. 3d 74, 77-81 (1st Dist. 1996). The Illinois Supreme Court has plainly held that "when the plain language of an immunity provision in the Tort Immunity Act contains no exception for wilful and wanton misconduct we have reason to believe that the legislature 'intended to immunize liability for both negligence and wilful and wanton misconduct.'" *Thiele v. Kennedy,* 18 Ill. App. 3d 465, 468 (3rd Dist. 1974).

Plaintiff's reliance on the case *DeSmet v, County of Rock Island,* 219 Ill.2d 497, 848 N.E.2d 1030, 302 Ill. Dec. 466 (2006), is misplaced. Plaintiff's cause of action in *DeSmet* stemmed from a failure by defendants to respond to a report that a vehicle traveling at a high rate of speed had left a roadway and had presumably crashed. No one was sent to investigate. Three days later the body of plaintiff's decedent was located outside her vehicle at the accident scene. The trial court dismissed plaintiff's action with prejudice ruling that defendants were entitled to absolute immunity under 745 ILCS 10/4-102. The Illinois Supreme Court affirmed the trial court holding that Section 4-102 governs situations in which the police failed to respond to the situation in any manner. It provided defendants with absolute immunity, regardless of whether their actions were negligent or wilful and wanton. In *DeSmet*, plaintiff had relied upon 745 ILCS 10/2-202 which states, "a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes wilful and wanton conduct." 745 ILCS 10/2-102. The plaintiff then argued that the defendant's conduct was wilful and wanton and that defendants were not immune. The court in *DeSmet* further reasoned that Section 4-102 immunity may apply in the context where police officers are simply providing particular circumstances for its application, i.e. an act or in course of conduct in the execution or enforcement of the law. However, the policy considerations that support the common law blanket immunity in 4-102 are different from those underlying Section

2-202.  In any event, the immunity at issue in *DeSmet* are inapplicable to the case at bar.  Plaintiff

has not asserted that the named Defendants are actively engaged in the execution or enforcement

of any law as required by 2-102.  Nor can Plaintiff cite to any wilful and wanton conduct by the

named Defendants.  Furthermore, although Plaintiff claims that she is protected by both the Unified

Code of Corrections as well as the Administrative Code Regulations and therefore is part of a

specially protected class of individuals, Plaintiff is unable to identify the applicable specially

protected class of individuals and the statutorily mandated duties.

Similarly, Plaintiff's reliance on *Calloway v. Kinkelaar,* 168 Ill.2d 312, 659 N.E.2d 1322

(1995) is misplaced.  In that case, the court held that potential governmental liability derived from

the statutory scheme created by the Domestic Violence Act, which identifies a specially protected

class of individuals to whom statutorily mandated duties are owed.  These duties are expressed in

Section 304 of the Domestic Violence Act, which states, in part, that enforcement officers who have

a reason to know of the domestic abuse "shall immediately use all responsible means to prevent

further abuse," including, but not limited to, the arrest of the abuser and physically transporting the

victim to safety.  750 ILCS 60/304.  Furthermore, the Act expressly contemplates the expansion of

civil and criminal remedies for abuse victims.  750 ILCS 60/102(6).  These remedies are subject to

the limitation of liability expressed in Section 305.  The Court reasoned that these provisions

revealed the General Assembly's intent to encourage active intervention on the part of law

enforcement officials in cases of intra family abuse.  The Act explicitly acknowledges the escalating

nature of domestic violence and decries the failure of prior laws and enforcement efforts to

effectively deal with family violence and to assist or protect victims of abuse.  *See* 750 ILCS

60/102(1)(3).  In so ruling, the Illinois Supreme Court reasoned that to give effect to the legislature's

intent judicial recognition of a right of action for civil damages was necessary.

In *Calloway*, defendants were informed that Calloway had a gun and was making threats to plaintiff, but did nothing to enforce the order of protection or to intervene after being informed of Calloway's continuing abuse of plaintiff. The Act clearly imposed a duty upon defendants to promptly undertake all reasonable steps to assist plaintiff a "person protected by the Act" when they learned of Calloway's threatening conduct and ongoing violation of the order of protection. Finally, the court held that whether defendants' breached this legal duty by wilful and wanton misconduct that proximately caused plaintiff's injury was a question of fact for the jury to determine at trial. Although the Illinois Supreme Court acknowledged that each situation will differ and believed that plaintiff had sufficiently pled her claim.

In this case the Domestic Violence Act is not at issue, Plaintiff has not specifically identified or described the class of specially protected individuals and which statutorily mandated duties are owed, nor does she indicate where those duties are delineated. Moreover, Plaintiff's assertion that the Defendants' alleged conduct may be negligent, wilful and wanton or intentional depending upon the facts is irrelevant, as 745 ILCS 10/4-103 of the Tort Immunity Act, gives absolute immunity to the sheriff in the formulation of policy and operation of the jail and no exception exists, even for wilful and wanton conduct.

**B.      Units of Local Government are Immune When Their Employees are Not Liable**

Plaintiff's reliance on *Brown v. King*, 328 Ill. App. 3d 717 (1st Dist. 2001) is also misplaced. Plaintiff's assertion that the identity of the alleged individuals will be found through employees' schedules and listed responsibilities during the discovery process is without merit as at this time Plaintiff's Complaint fails to name, either explicitly or by implication, any individual Defendants

employed by the County or the Sheriff who could physically have been present at events that took place in the Jefferson County Jail. The Tort Immunity Act provides that "a local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. Absent identifiable actions by a specifically named employee, a public entity cannot be liable. Plaintiff's mere assertion that she believes that at some point in the future she will be able to cure this defect does not obviate Defendants' argument. A 12(b)(6) motion to dismiss is based on the pleadings, and Plaintiff's Complaint is inadequate as no individuals are named as Defendants.

## II.    COUNT II

### A.    Count II Should be Dismissed Because Plaintiff can Prove No Set of Facts Which Would Establish That Her Constitutional Rights Were Violated

Plaintiff's Complaint alleges that the Jefferson County Defendants violated Plaintiff's Fourteenth Amendment rights when she was allegedly subject to statutory rape while a pre-trial detainee in the Jefferson County Jail. The Complaint alleges that Defendants are liable because they were deliberately indifferent in allowing or fostering a situation where jail house guards had oral sex with a minor female. See Doc. 24, page 11. Plaintiff's Response identifies the incorrect legal standard for the imposition of liability. However, Plaintiff states that Defendants "appear to admit that the lower standard of deliberate indifference applies." (Doc. 24 at p. 11) This is incorrect. Defendants continue to argue that the "shocks the conscience" standard is the correct one. The correct inquiry is whether Defendants' alleged conduct "shocks the conscience." Even if the "deliberate indifference" standard applies the Complaint does not state a claim upon which relief may be granted and Count II must be dismissed. Finally, as Plaintiff does not respond to Defendants' arguments regarding claims under the Fourth Amendment, Sixth Amendment or the

Equal Protection Clause of the Untied States Constitution, the Jefferson County Defendants suggest that this portion of its motion to dismiss is unopposed.

**B.      Conduct in Jefferson County in Housing the Plaintiff Does Not Shock the Conscience**

Plaintiff does not dispute the fact in her Response that whereas the rights of convicted prisoners are governed by the Eighth Amendment prohibition against Cruel and Unusual Punishment, the rights of pre-trial detainees such as Plaintiff are governed by the Due Process Clause of the Fourteenth Amendment. *Farmer v. Brennan*, 511 U.S. 825 (1994).  Plaintiff appears to ask this Court however, to apply the Eighth Amendment's "deliberate indifference" standard to a Substantive Due Process claim.  Plaintiff's Response provides this Court with no authority or persuasive reasoning that the "deliberate indifference" standard rather than the "shocks the conscience" standard of *County of Sacremento v. St. Louis,* 523 US 833 (1998), should be applied. Plaintiff merely states that "virtually no person could argue that allowing or fostering a situation where jailhouse guards had oral sex with a minor female was not evidence of deliberate indifference to the rights of the minor female."  Doc. 24 at p. 11.  As Plaintiff argues that Count II of her Complaint alleges a violation of her substantive due process rights, the only appropriate standard that should be applied is the "shocks the conscience" standard.

The "shocks the conscience" standard is satisfied when there is an intent to cause harm for no legitimate objective.  *Louis,* 523 U.S. at 836.  The substantive due process "shocks the conscience" standard is to be used where there is no specific constitutional amendment which provides protection against a particular sort of government action.  *Id*. at 842, citing *Albright v Oliver,* 510 U.S. 266, 273 (1994).  There is no specific constitutional amendment that deals with the government's housing and care of pre-trial detainees.  Therefore, the Plaintiff is entitled to relief

only if the alleged government action is so malicious and egregious that it "shocks the conscience." *Louis*, 523 U.S. at 847. Plaintiff does not plead in her Complaint and does not argue in her Response that allowing or fostering a situation where jail house guards have oral sex with a minor female "shocks the conscience." Further, both the Complaint and Plaintiff's Response are devoid of any single allegation that the conduct of any of the Defendants "shocks the conscience." As a result Plaintiff has not stated a claim upon which relief may be granted and Count II must be dismissed.

### C.    Count II Should be Dismissed because Jefferson County Defendants' Conduct Was Not Deliberately Indifferent

Plaintiff alleges that Defendants' conduct amounts to a deliberate indifference to the safety and well-being of the Plaintiff. Although the "deliberate indifference" standard is inapplicable here, the "deliberate indifference" standard is satisfied when the defendants' conduct rises to the level of criminal recklessness. *Armstrong v Squadrito,* 152 F.3d 564, 577 (7th Cir., 1998). The alleged acts of "deliberate indifference" specified in the Complaint do not rise to the level of criminal recklessness. The alleged acts constitute, if anything, nothing more than negligence, which as a matter of law would not entitle the Plaintiff to the requested relief. The Court notes that "punishment is punishment" and there is no reason why the term should mean two different things in the Eighth and Fourteenth Amendment contexts." *Salazar v City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991). In noting that punishment necessarily implies intent, the Seventh Circuit has rejected a negligence standard for analyzing the state of mind of prison officials in actions alleging unconstitutional conditions of pre-trial confinement. *Salazar*, 940 F.2d at 237-239. The Constitution does not require that government acts or anticipate every possible risk to an inmate and eliminate it. *Id.* Instead the risk of harm must be specific and consciously disregarded. It is not enough that the government act or be aware of some abstract risk and fail to guard against it. As a

7

result, Count II of Plaintiff's Complaint should be dismissed.

**D.      Count II Should be Dismissed Because Plaintiff Did Not Exhaust Administrative Remedies Pursuant to 42 U.S.C. 1997 (e)(a) Despite the Fact that Plaintiff is Not Currently Incarcerated**

The Prisoner's Litigation Reform Act (hereinafter PLRA) provides that "no action shall be brought with respect to prison conditions under 42 U.S.C. 1983 by a prisoner confined in a jail until such administrative remedies as are available are exhausted."  42 U.S.C. §1997(e)(a).  It is well settled, therefore, that a prisoner must exhaust all available administrative remedies before bringing a constitutional claim under §1983.  Plaintiff's assertion that this Section does not apply to her if she is not currently confined to a jail and not seeking any litigation with respect to prison conditions is unpersuasive.  Although Plaintiff is not currently incarcerated in a facility, she is still under the purview of the Illinois Department of Corrections as she is currently on parole.  Moreover, Plaintiff's allegations arose while she was incarcerated and the PLRA requires that prior to an action being brought under §1983 or any other federal law that administrative remedies as are available must be exhausted.  Administrative remedies were available to Plaintiff at the time she was incarcerated and at the time these allegations arose.  As such, Count II of Plaintiff's Complaint must be dismissed.

**E.      Count II Should be Dismissed Because Plaintiff Fails to State a Claim of Municipal Liability Under the Notice Pleading Standard**

Plaintiff contends that *Leatherman v. Tarant County Narcotics Intelligence and Coordination Unit,* 122 L.Ed.2d 517, 113 S.Ct. 1160 (1993) held that a federal court may not apply "heightened pleading standard or a heightened pleading standard" more stringent than usual pleading requirements in civil rights cases alleging municipal liability under §1983.  *Id.*  Plaintiff's analysis of the *Leatherman* case is incorrect.  In *Leatherman*, the question to be decided by the Court was

whether dismissal of petitioner's complaints alleging municipal liability under 42 U.S.C. §1983 on

the ground that petitioners failed to meet the "heightened pleading standard" required by the Fifth

Circuit's decisional law was proper.  At the time *Leatherman* was decided, the Fifth Circuit's

decisional law mandated that "in cases against government officials involving the likely defense of

immunity we require of trial judges that they demand that the plaintiff's complaints state with factual

detail and particularity the basis for the claim which necessarily includes why the defendant-official

cannot successfully maintain the defense of immunity." *Elliot v Perez*, 751 F.2d 1472 (1985).  The

Court reasoned that it is impossible to square the above defined heightened pleading standard

applied by the Fifth Circuit with the liberal system of notice pleading set up by the Federal Rules.

However, the Court in *Leatherman* continued to reason that a municipality can be sued under §1983

but it cannot be held liable unless a municipal policy or custom caused the constitutional injury.

*Leatherman,* 113 S.Ct. at 1163.  Plaintiff's Complaint fails to allege some fact that suggests that the

Jefferson County's Sheriff's Department maintains any policy which is deliberately indifferent to

the safety of the inmates it houses.  The Complaint is devoid of any allegations that the Jefferson

County Sheriff's Department maintained any official or unofficial policy which operated in violation

of Plaintiff's substantive due process rights.  As Plaintiff's Complaint lacks any allegation

whatsoever of official custom or policy, it fails to meet even this liberal pleading standard.  To

permit pleadings such as Plaintiff's against a municipality would result in allowing suits to be filed

on a theory of *respondeat superior* which was expressly rejected by the Supreme Court in *Monell*

*v. Department of Social Services,* 436 US 658, 690-91 (1978).  In order to give Defendants' fair

notice of her official capacities claim, even under the generous rule of *Leatherman*, Plaintiff must

alleged that a policymaker had knowledge of the alleged conduct complained of, yet, as a matter of

policy, failed to make any effort to remedy the situation.  Count II should be dismissed because

Plaintiff has not plead any allegations which would indicate that Defendants maintained an

unconstitutional policy or custom.

WHEREFORE, the Jefferson County Defendants, respectfully request that Count I and II

of Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

**MYERS MILLER & KRAUSKOPF, LLC**


By:     _s/Stephen R. Milller_____
        Attorneys for Defendant,
        JEFFERSON COUNTY and
        JEFFERSON COUNTY SHERIFF'S OFFICE

Stephen R. Miller (#6182908)
Nikoleta Lamprinakos (#6274018)
Johanna L. Tracy (#
MYERS MILLER & KRAUSKOPF, LLC
30 North LaSalle Street, Suite 2200
Chicago, IL 60602
(312) 345-7250